PAUL A. BONIN, Judge.
h For the third time, the district attorney filed a bill of information charging Alonzo Hayes, the defendant, with sexual battery of the minor, K.R. The district attorney dismissed the two previous filings when the trial court denied the prosecution’s motions to continue the trial, but re-filed *11 the bills of information the same day as the respective dismissals.
Mr. Hayes moved to quash the bill of information. In his motion he did not assert a claim that his constitutional or statutory rights to a speedy trial have been violated. See State v. Reaves, 376 So.2d 136 (La.1979); see also La.C.Cr.P. Art. 532(7). He also did not contend that the prosecution was attempting to avoid the time limitations for the commencement of trial. See La.C.Cr.P. Art. 576. Mr. Hayes argued that the prosecution is flaunting its authority, and that its exercise in this case of its dismissal and reinsti-tution power violates his due process rights as well as the constitutional separation of powers doctrine.
laThe prosecution argues that the district attorney enjoys plenary power to dismiss formal charges and — subject only to specific limitations which are not here applicable — to reinstitute the charges, that it is not flaunting its authority, and, most importantly, that Mr. Hayes has shown no prejudice to his defense.
The trial court, without any explanation, sustained the defense motion. The prosecution appealed. See La.C.Cr.P. Art. 912 B(l).
Because we find that Mr. Hayes has shown no prejudice to his defense on account of the conduct of the prosecutor, we conclude that the trial judge abused his discretion in sustaining the motion to quash, and we reverse the ruling. We explain below our decision in detail.
I
The district attorney filed the first bill of information charging Mr. Hayes with aggravated incest with K.R., a minor, on May 20, 2009. See La. R.S. 14:78.1. The prosecution later reduced the charge to sexual battery. See La. R.S. 14:43.1. Over the following year, trial was scheduled and continued for a variety of reasons. At the trial setting on May 18, 2010, the prosecutor reported to the trial judge that the home of the victim and her family had sustained severe fire damage rendering the home uninhabitable and that they had relocated to a shelter. The prosecutor further explained that it was the victim’s last day of school and that the family was staying in a shelter and meeting with charitable organizations to obtain alternative housing. The prosecutor requested a forty-eight hour continuance. The trial judge denied a continuance. The prosecutor then dismissed the charge.
| oLater that same day, the district attorney reinstituted the charge against Mr. Hayes by filing a second bill of information. At the first and only trial setting on June 21, 2010, the prosecutor informed the trial judge that K.R., the minor victim, had recently recanted her accusation against Mr. Hayes. And that even more recently K.R., after a teary-eyed session with the district attorney’s victim-witness counsel- or, told the prosecutor that the accusation was true. The prosecutor requested a brief continuance to further investigate. The trial judge denied a continuance and the prosecutor then dismissed the charge.
Later that same day, the district attorney reinstituted the charge against Mr. Hayes by filing a third bill of information. On July 8, 2010, Mr. Hayes filed the motion to quash.
In his motion Mr. Hayes principally complains that the district attorney’s use of his dismissal and reinstitution power affords the prosecution the exclusive and unfair ability to circumvent the trial judge’s denial of a continuance and to unilaterally effectively obtain a continuance. He argues from Wardius v. Oregon that the Due Process Clause of the Fourteenth Amendment “speak[s] to the balance of *12 forces between the accused and his accuser.” Wardius v. Oregon, 412 U.S. 470, 474, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). He declaims the tactical disadvantage to the defense from the imbalance arising from the ability of the prosecution to grant itself a continuance. Even more so, Mr. Hayes further argues, in the imbalanced advantage to the prosecution, the prosecutor displaces the trial judge and usurps the role of the trial judge, whose duty is “to so control the proceedings that justice is done.” LaJC.Cr.P.4 Art. 17. Mr. Hayes emphasizes that it is the trial judge, not the prosecutor, who is entrusted with the grant or denial of a motion to continue a trial. See La.C.Cr.P. ART. 707, 712, and 713. The defendant contends that the prosecutor’s displacement of the trial judge violates the separation of powers.[1]
On July 22, 2010, after a hearing consisting of argument of counsel alone, the trial judge sustained the motion.
II
At the outset of our analysis we emphasize that the filing of a motion to quash is the appropriate procedural vehicle to raise the issue of the district attorney’s abuse of his considerable authority to dismiss and reinstitute prosecutions. See La. C.Cr.P. Art. 531 (“All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of ‘not guilty’ and of ‘not guilty and not guilty by reason of insanity,’ shall be urged by motion to quash.”). The motion to quash on the ground of prosecutorial abuse of its dismissal-reinstitution authority may be raised independently of a claim that the defendant’s speedy trial rights have been violated.
The Louisiana Supreme Court has “rec0gniZed that the trial court possesses inherent discretion to grant a motion quash and to order a prosecution dismissed with prejudice after the state has used its broad prosecutorial discretion by dismissing and then reinstituting a prosecution to force a continuance of trial”, State v. King, 10-2638, p. 5 (La.5/6/11), 60 So.3d 615, 618 (per curiam). The trial court’s discretion extends “even under circumstances in which prescription had not tolled or would not shortly thereafter toll as a matter of La.C.Cr.P. art. 578, or in which the Speedy Trial Clause of the Sixth Amendment would not also require that result.” Id. The Supreme Court cited to its earlier decision in State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. Id.
This explicit recognition by the Louisiana Supreme Court of the availability of the motion to quash for this specific type of prosecutorial abuse — independent of any speedy trial violation — suggests that some of our decisions implying the contrary have lost their vitality. For example, we have “long required that a defendant challenging the State’s dismissal and reinstitution of charges must show that his right to a speedy trial was thereby violated.” State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. See also State v. Polk, 05-1118, p. 5 (La.App. 4 Cir. 5/31/06), 933 So.2d 838, 841 (“The State has plenary authority pursuant to La.C.Cr.P. art. 576 to dismiss a charge and then reinstitute prosecution in a case, such as this one, where doing so *13 will not circumvent the statutory time limits for commencing trial under La.C.Cr.P. art. 578.”)
The district attorney’s discretionary prosecutorial authority is vast. “Except as otherwise provided by this constitution, a district attorney, or his designated representative, shall have charge of every criminal prosecution by the state in his district”. La. Const. Art. V, § 26(B). “Under the Louisiana constitution it is the district attorney who is charged with the duty of seeking out potential criminals | fiand bringing them to trial for their alleged wrongs.” Bd. of Comm’rs of Orleans Levee District v. Connick, 94-3161 (La.3/9/95), 654 So.2d 1073, 1080. “The constitutional role of the district attorney is incipient to the criminal process; his decision to file charges in a court of criminal jurisdiction is the event which incites a trial court’s exercise of that jurisdiction.” Id.
“Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” La.C.Cr.P. Art. 61. A district attorney is not liable to anyone, including a crime victim, when he exercises his “broad discretionary power” not to institute a prosecution. Briede v. Orleans Parish Dist. Attorney’s Office, 04-1773, p. 5 (La.App. 4 Cir. 6/22/05), 907 So.2d 790, 793. This is “because the decision to take any action to prosecute or not prosecute is within the district attorney?s constitutionally granted powers.” Id.
Once having instituted a prosecution, “[t]he district attorney has the power to dismiss [it] ... and in order to exercise that power it is not necessary that he obtain consent of the court.” La. C. Cr. P. Art. 691. “The entering of a nolle prose-qui [dismissal] rests entirely within the discretion of the prosecuting attorney.” State v. Sykes, 364 So.2d 1293, 1297 (La.1978). The district attorney possesses “absolute discretion” to dismiss a prosecution. Id.
Generally, a timely instituted prosecution which is subsequently dismissed by the district attorney may be reinstituted by him at his discretion. See La.C.Cr.P.7 Art. 576. The exceptions to the general rule involve considerations of time limitations, id., none of which are of concern in this case. Here again, despite the use of his dismissal-reinstitution authority as a tactic to gain time, or — as it has been described[2] — to grant himself a continuance of the trial, it is “not unreasonable for the prosecutor to avail himself of all legitimate means to gain adequate time to marshal the proof needed to properly present its case.” State v. Alfred, 337 So.2d 1049, 1056-1057 (La.1976) (on rehearing).
Notwithstanding the extent of his discretionary prosecutorial authority in the dismissal-reinstitution of formal charges, the district attorney may not, however, flaunt “his authority for reasons that show he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses”. Love, 00-3347, p. 14, 847 So.2d at 1209. Accord, Bd. of Comm’rs of Orleans Levee District v. Connick, 94-3161, p. 14, 654 So.2d at 1081 (“The district attorney, as long as he is not flagrantly violating the constitution by doing so, has the right and duty to ferret out wrongdoers ... and bring them *14 before a tribunal exercising criminal jurisdiction”). Dismissing a pending prosecution in the face of a trial court’s denial of the prosecutor’s request for a continuance and then re-filing the same charge to continue the prosecution after a brief pause, is flaunting the “state’s unique power and authority that the defense does not also possess.” State v. King, 10-2638, p. 6, 60 So.3d at 618, citing to State v. Stephens, 00-2472, p. 1, n. 1 (La.3/16/01), 782 So.2d 562, 566 (Lemmon, J., dissenting).
IsThe flaunting of the prosecutor’s authority to favor the state at the defendant’s expense must be evident. See State v. Love, 00-3347, p. 14, 847 So.2d at 1209. When, for example, the record indicates that a dismissal was entered because the victim was not present for trial and was wavering in her commitment to going forward with the prosecution, the district attorney in dismissing-reinstituting the charges is not evidently flaunting his authority. See State v. Batiste, 05-1571, p. 6 (La.10/17/06), 939 So.2d 1245, 1249.
But the flaunting of the prosecutor’s authority is merely a gateway consideration to granting a motion to quash on these grounds. The granting of a motion to quash on the ground of prosecutorial abuse of its authority is dismissal with prejudice. State v. King, 10-2638, p. 5, 60 So.3d at 618. The enforcement of this protection that the defendant is not significantly disadvantaged by the prosecution’s abuse of its unilateral authority, just as with enforcement of the constitutional right to a speedy trial, “leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried.” Barker v. Wingo, 407 U.S. 514, 522, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). “Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy.” Id. Overzealous application of the remedy of dismissal with prejudice is no virtue. Id., n. 16.
Because of the severe remedy, a trial court may not quash the formal charges and dismiss them with prejudice when the prosecution’s abusive exercise of its | ^authority simply disrupts a trial court’s conduct of the proceedings or challenges the court’s authority to manage its docket, but does not significantly disadvantage the defense at any forthcoming trial. See State v. King, 10-2638, p. 6, 60 So.3d at 619. Thus, a finding of the prosecution’s abusively exercising its authority is necessary but not sufficient to the sustaining of a motion to quash.
The defendant must show that the district attorney’s abusive exercise of its power actually violates the defendant’s constitutional right to a fair trial. “An accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify on his own behalf.” La. Const. Art. I, § 16 (emphasis added). Paralleling the burden in a claim of a violation of a constitutional right to a speedy trial, the Louisiana Supreme Court requires the defendant “to make a showing of specific prejudice to his defense.” State v. King, 10-2638, p. 8, 60 So.3d at 620, citing to State v. Love, supra, and Barker v. Wingo, supra. Notably, the Supreme Court has not adopted the suggestion of Justice Weimer that if the reinstitution of the formal charges occurs within seven days of the dismissal, “the State should have the burden to establish the defendant was not prejudiced.” See State v. Love, 00-3347, p. 1, 847 So.2d at 1215 (Weimer, J., concurring in part and dissenting in part); see also State v. Batiste, 05-1571, p. *15 1-2, 939 So.2d at 1253. Thus, we conclude, a prosecutor’s evident, flagrant, objectionable, and ill-motived “flaunting” is not in itself specific prejudice to the defense at a forthcoming trial. In order to sustain a | inmotion to quash, the resulting specific prejudice to his right to a fair trial must be shown by the defendant.
Ill
As we previously noted, the trial judge made no specific findings at the time he sustained the motion to quash. Because the complementary role of the trial court and our intermediate appellate court demands that deference be given to a trial court’s discretionary decision, we review a trial court’s ruling under an abuse-of-discretion standard. See State v. Love, 00-3347, pp. 9-10, 847 So.2d at 1206-1207. In a case involving the use or abuse of the dismissal-reinstitution authority of the prosecutor, each case is to be decided on the facts and circumstances of the individual case. Id., p. 14, 847 So.2d at 1209; State v. Batiste, 05-1571, p. 5, 939 So.2d at 1249.
We assume that the trial judge found that the prosecution was flaunting its authority and granting itself a second continuance despite his rulings that the prosecution was not entitled to continuances. The prosecutor’s use of his dismissal-reinstitution authority twice on the day of trial and re-filing the same day is more “egregious” than the prosecutor’s conduct in Love and is more akin to the prosecutor’s conduct in Alfred, supra. See State v. Love, 00-3347, p. 10, 847 So.2d at 1207. On the other hand, the prosecution compares the justification of its more recent dismissal-reinstitution with that of the prosecution in Batiste, where an absent and reluctant witness necessitated a dismissal to avoid an approaching trial date. See State v. Batiste, 05-1571, p. 6, 939 So.2d at 1249. To which argument Inthe defense responds by distinguishing that in our case the reluctant witness was not absent (she was physically present in the district attorney’s office) and that, unlike Batiste, here the second dismissal followed upon a second denial of the prosecution’s request for a continuance of the trial.
A case-specific resolution by a trial judge of these fact-intensive countervailing considerations may be entitled to our deference under an abuse-of-discretion standard. But we have no need to so decide because we find that the trial judge abused his discretion if he found, as he would have been required to find, that Mr. Hayes has shown specific prejudice to his defense at any forthcoming trial. A trial court necessarily abuses its discretion if its ruling is based on an erroneous view of the law. See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); United States v. Taylor, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (noting that discretionary choices are not left to a court’s inclination, but to its judgment, which is guided by sound legal principles). Thus, if a trial court in exercising its discretion bases its ruling upon an erroneous view or application of the law, its ruling is not entitled to our deference.
IV
We have carefully examined Mr. Hayes’ motion to quash. He makes no claim to a specific prejudice to his defense at any forthcoming trial. The prejudice he identifies in his motion is the self-evident inequity of one party’s ability to avoid trial without authorization of the court. The implication is that the defense would have prevailed at trial because the prosecution was unprepared, and it would | ianot prevail if the prosecution was prepared with its *16 witnesses and its evidence. The further implication is that an unprepared defendant is sometimes forced to trial by the court and is convicted on that account. But in neither of these situations is there a specific prejudice to this defendant at his upcoming trial.
We have also carefully examined the contradictory hearing on the motion to quash. During the arguments the prosecutor noted that he had heard no allegation from the defense that it had been prejudiced in any way. Defense counsel urged that the very inequity of the procedural options available to the parties was the prejudice. This same argument was echoed in Mr. Hayes’ brief to this court.
After this matter was submitted, the Louisiana Supreme Court decided State v. King, supra. We invited the parties to submit supplemental briefs to address the applicability of the King decision. Mr. Hayes responded that he was specifically prejudiced in two ways. The first is his continued pretrial detention and the second, he repeats, is the prosecution’s tactical advantage of avoiding trial when he was prepared with his witnesses for trial.
We reject the argument that Mr. Hayes’s continued pretrial detention is prejudicing his defense. Of course, oppressive lengthy pretrial incarceration is disadvantageous to an accused awaiting trial. See Barker v. Wingo, 407 U.S. at 532, 92 S.Ct. 2182. And the prevention of just such lengthy incarceration is one of the objectives of ensuring speedy trials, especially and primarily through enforcement of statutory protections. See United States v. Marion, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Mr. Hayes concedes — indeed, affirmatively argues — that none of his speedy trial rights have |isyet been implicated. That alone suggests that Mr. Hayes’ pretrial incarceration has not been oppressively lengthy to cause prejudice to his defense which would result in dismissal with prejudice. For example, exceeding the periods of pretrial detention authorized by La.C.Cr.P. Art. 701 D(2), which are the earliest triggers for a speedy trial claim, at best only entitles a defendant to release from custody and not to dismissal with prejudice. See La.C.Cr.P. Art. 701 D(2). See also State v. Campechano, 06-1329, p. 4 (La.App. 4 Cir. 4/4/07), 956 So.2d 673, 674-675. When a trial judge does find that the only prejudice from the prosecution? s tactics is undue continued pretrial incarceration, he ought to first consider a remedy less drastic and more commensurate with the harm, such as reducing the amount of bail. See LA. C.CR.P. ART. 342. See also State v. Thomas, 10-528, p. 15 (La.App. 4 Cir. 7/15/10), 54 So.3d 1 (Bonin, J., concurring).
But in evaluating even speedy trial violations, courts recognize that the most serious kind of prejudice is not pretrial detention, but rather “the possibility that the defense will be impaired.” See Barker v. Wingo, 407 U.S. at 532, 92 S.Ct. 2182. And this is the exact sort of prejudice which the defendant must show to obtain the remedy of dismissal with prejudice. Yet Mr. Hayes has not alleged, much less shown, how his defense has been impaired, which leads us to address Mr. Hayes’ second contention of prejudice: the prosecution’s tactical advantage in avoiding trial when Mr. Hayes’ witnesses were present.
His second contention merely focuses on or emphasizes the prosecution?s flaunting of its authority to escape a trial setting disadvantageous to it. The focus, 114however, of specific prejudice to the defendant is at a later trial. Here, Mr. Hayes filed his motion to quash as soon as the formal charges were reinstituted. He was not confronted with a trial setting at which he was unable to produce any witness. He was not confronted with a denial *17 of a request for a continuance due to the absence of his witness. These are the kinds of conditions under which a defendant could show specific prejudice that his defense has been significantly disadvantaged at a forthcoming trial. See State v. King, 10-2638, p. 6, 60 So.3d at 619.
Mr. Hayes has not shown, as he is required to show, specific prejudice to his defense from the prosecution’s use of its dismissal-reinstitution authority. Because in this case at this point in time the trial judge could not have found such specific prejudice which would justify a dismissal with prejudice, granting the motion to quash was an abuse of discretion and we accordingly reverse the ruling.
DECREE
The ruling of the trial court sustaining the motion to quash filed by Alonzo Hayes is reversed. The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED
LOVE, J., concurs in the result.

. Mr. Hayes references La. Const, art. II, § 2: "Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.” We note en passant that the prosecuto-rial power under the Louisiana constitution, unlike the federal, is in the judicial branch and not in the executive branch. See La. Const. Art. V, § 26.

. See, e.g., State v. Batiste, 05-1571, p. 4 (La.10/17/06), 939 So.2d 1245, 1253 (Weimer, J., dissenting).