TERRI F. LOVE, Judge.
|j>The State charged the defendant with possession of heroin, and the defendant pled not guilty at arraignment. After the seating of the jury, the State sought but was denied a continuance. The State then issued a nolle 'prosequi.
*423 The possession of heroin charge was refiled, and the defendant, again, pled not guilty at arraignment. Defendant filed a motion to quash the bill of information, which was granted by the trial court.
After review of the record in light of the applicable law and arguments, we conclude the defendant failed to make a showing of specific prejudice to his defense which would warrant the granting of the motion to quash. The trial court’s ruling is reversed and remanded for further proceedings.
PROCEDURAL HISTORY
The State charged the defendant, Melvin Williams, (“hereinafter, “Defendant Williams”) with possession of heroin. Defendant Williams pled not guilty at arraignment. Defendant Williams missed the arraignment, and an alias capias was issued for him in the amount of $25,000. The matter was continued without date. An “arrest on capias” notification was issued by the clerk’s office, informing the trial court that Defendant Williams was in custody. Defendant Williams pled not guilty at arraignment and was released on bond. The State filed a notice of intent to enter the criminalist’s report with the clerk’s office and the matter was erroneously set. Defendant Williams subsequently appeared without |acounsel. The matter was set for hearing to determine counsel, and Defendant Williams appeared with counsel. Defendant Williams filed a motion to quash on April 7, 2010, and a defense omnibus bill was submitted on April 8, 2010.
Defendant Williams later appeared, but the State requested a continuance of the motion hearings; they were continued. At a subsequent hearing, Defendant Williams appeared without counsel. Motion hearings were conducted and trial was set. After the jury was seated, the State sought but was denied a request for a continuance. The State then entered a nolle prosequi
The possession of heroin charge was refiled, and Defendant Williams pled not guilty at arraignment. Trial was set and Defendant Williams subsequently filed and was granted a motion to quash the bill of information.
The trial court granted the State’s motion for appeal.
ASSIGNMENT OF ERROR
The State asserts the trial court abused its discretion in granting Defendant Williams’ motion to quash when a defendant neither alleged nor demonstrated a violation of the right to a speedy trial.
LAW AND DISCUSSION
Defendant Williams’ motion to quash was based solely on his contention that the State’s ability to nolle prosequi a case and to reinstitute charges, when its motion to continue is denied, violates his due process rights. The motion did not contain a statutory or constitutional speedy trial claim. The State avers the trial court abused its discretion by granting the motion to quash filed by Defendant Williams, when Defendant Williams neither alleged nor demonstrated a violation of the right to a speedy trial. The State argues that it correctly followed procedure |4on July 7, 2010, by explaining to the trial court on the record the reason that it sought a continuance.
The court record does not contain any reference to such a statement and is silent on the issue. The State argues that a reference to the nature of the continuance appears in Defendant Williams’ initial motion to quash near the bottom of the first page. Defendant Williams avers that by not explaining the reason the continuance was appropriate, as mandated under La. C.Cr.P. Articles 707-15, the State has fallen short of its burden of proof.
*424 The established procedures for obtaining continuances are as follows: La.C.Cr.P. Art. 576 states:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578. (Emphasis ours).
La.C.Cr.P. Art. 707. Motion for continuance; time for filing states:
A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
Upon written motion at any time and after contradictory hearing, the court may grant a | ¡^continuance, but only upon a showing that such motion is in the interest of justice.
La.C.Cr.P. Art. 709 Continuance based on absence of a witness should he or she fail to appear. The article states:
A. A motion for a continuance based upon the absence of a witness shall state all of the following:
(1)Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial.
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred.
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
B. In addition to the requirements set forth in Paragraph A of this Article, when the motion for continuance is based upon the absence of a witness who is in the armed forces, the moving party, either the district attorney or the defense counsel, shall attest to facts showing that the absent witness is on active military duty in the United States Armed Forces.
The record is void of a written motion to continue by the State in the court record. The issue is not whether the State properly sought a continuance; instead, the issue is whether the State violated Defendant Williams’ due process rights by entering a nolle prosequi and reinstituting charges when its motion for continuance was denied.
Due Process
Defendant Williams posits that the State has failed to set forth the manner in which the trial court has abused its discretion, and argues that “the due process |6clause requires a defendant to be given reciprocal procedural rights corresponding to those available to the State.” Defendant Williams argues the procedural tools available to the State, such as the ability to nolle prosequi and later reinstitute charges, are not equally available to defendants. Defendant Williams further asserts the State may compel the testimony of witnesses favorable to the State’s case, while neither the defendant, nor the court *425 on his behalf, has any such power. Defendant Williams contends this imbalance of power invariably leads to abuses .by the State.
In State v. Batiste, 2005-1571, pp. 5-6 (La.10/17/06), 939 So.2d 1245, the Supreme Court addressed an argument similar to that of Defendant Williams and found that it had no merit. In Batiste, the state nolle prosequied the charge when its victim did not appear (without having asked for a continuance) and then reinstituted the charge in a new case. The Court stated that a trial court’s resolution of motions to quash, in cases where the district attorney entered a nolle prosequi and later reinsti-tuted charges, should be decided on a case-by-case basis, quoting State v. Love, 2000-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209: “In those cases where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the state at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.’ Id.” Batiste, p. 5, 939 So.2d at 1249.
The Supreme Court recently reaffirmed this reasoning in State v. King, 2010-2638 (La.5/6/11), 60 So.3d 615. The defendant was charged with issuing worthless checks. The state nolle prosequied the original case when the court refused to grant the state a continuance it requested because it was having trouble |7procuring financial records from a bank. The state reinstitut-ed the charges, and the defendant moved to quash, raising the violation of the separation of powers argument. The trial court granted the motion. The Supreme Court reversed and relied upon its analysis in Batiste, in which the Court overturned the trial court’s grant of a motion to quash because the record gave “no indication that the district attorney was flaunting his authority at the expense of the defendant” and the record indicated a nolle prosequi was entered because the victim was not present for trial and was wavering in her commitment to going forward with the case. See Batiste, 05-1571 at 5-6, 939 So.2d at 1249.
As in King, Defendant Williams’ motion to quash failed to assert violation of his Sixth Amendment speedy trial rights, and he claimed no prejudice to his defense of the case arising out of the delay occasioned by the state’s dismissal and reinstitution of the prosecution to force a continuance of trial.
The King court further noted the “frequent collisions between a trial judge’s authority to conduct proceedings ‘in an orderly and expeditious manner,’ La. C.Cr.P. art. 17, including the authority to adopt rules ‘governing the procedure for setting cases for trial and giving notice thereof,’ La.C.Cr.P. art. 702, and a district attorney’s plenary ‘charge and control’ over every criminal prosecution instituted or pending in his district, including the determination' of ‘whom, when, and how he shall prosecute,’ La.C.Cr.P. art. 61.” State v. King, 2010-2638 at p. 5, 60 So.3d at 618, citing State v. Batiste, State v. Love, as well as two cases from this court, State v. Brown, 2005-1146 (La.App. 4 Cir. 7/26/06), 937 So.2d 419, and State v. Larce, 2001-1992 (La.App. 4 Cir. 1/23/02), 807 So.2d 1080. Quoting from the passage cited above from State v. Love, the King court agreed that when the State dismisses a case in which the trial court has denied its motion for | ^continuance and then reinsti-tutes the charges, the State “can be said to have flaunted’ the state’s unique power and authority that the defense does not also possess.” Id. at p. 6, 60 So.3d at 618. Nonetheless, the Court stated:
However, because of the severe consequences of dismissing a pending prose *426 cution that is neither time-barred as a matter of La.C.Cr.P. art. 578, nor precluded by the Speedy Trial Clause of the Sixth Amendment, we made clear in Love that the state must exercise that authority in such a way that it does not simply disrupt the trial court’s conduct of the proceedings or challenge the court’s authority to manage its docket, but also significantly disadvantages the defense at any forthcoming trial. Thus, in Batiste, we overturned the trial court’s grant of a motion to quash because the record gave “no indication that the district attorney was flaunting his authority at the expense of the defendant. ... the record indicates a nolle prosequi was entered because the victim was not present for trial and was wavering in her commitment to going forward with the case.” Batiste, 05-1571 at 5-6, 939 So.2d at 1249.
Id. at p. 6, 60 So.3d at 619. The Court found that the record did not demonstrate that the State’s failure to obtain the records in time for trial was due to its lack of preparation. The Court further noted:
[T]he record fails to suggest that the state simply sought a tactical advantage over the defense, or that it was whipsawing defense witnesses by forcing them to make repeated but futile trips to the courthouse, see State v. Reaves, 376 So.2d 136, 138 (La.1979), as opposed to struggling to put its case together by identifying and summoning the appropriate witnesses. Nor does the record support an inference that the state delayed matters to wear down the defendant and incline him to reconsider the rejected plea bargain, as the delays in the first year of the proceedings were attributable as much, if not more, to the defense as they were to the state, and, if anything, worked to defendant’s advantage, as the state reduced by over half its initial plea bargain offer of seven years imprisonment at hard labor.
Id. at p. 7, 60 So.3d at 619. The Court then reversed the trial court’s judgment that quashed the charges.
19Likewise, this Court, in State v. Shannon 2009-0305 (La.App. 4 Cir. 9/9/09), 17 So.3d 1061, writ denied, 2009-2369 (La.4/30/10), 34 So.3d 280, found that in cases in which the state dismisses and then reinstitutes charges, when it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the state at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation. However, this Court found that there was no such showing and reinstated these charges. See also State v. Hayes, 2010-1538 (La.App. 4 Cir. 9/1/11), 75 So.3d 8, where this court reversed the trial court’s ruling that quashed the bill of information, finding that the defendant failed to show prejudice from the state’s action.
In the instant case, there is no indication that the district attorney was flaunting his authority at the expense of Defendant Williams. The record is silent regarding the nolle prosequi entered by the State, although Defendant Williams’ motion to quash alleges the State entered the nolle prosequi because the State’s witness was not available at trial.
Citing King, Defendant Williams asserts that as long as the prosecution is within the statutory time limitations for the institution of prosecution, the quashing of an indictment is only proper when the defendant, and the court, finds a violation of the defendant’s constitutional right to a speedy trial. Defendant Williams invoked the concept of reciprocity in connection with the timing of the prosecution of his case. Applying Batiste and King to the case at bar, the State’s nolle prosequi and reinsti- *427 tution of the same charge would have violated Defendant Williams’ due process rights only if the State’s actions deprived him of his right to present a |1ftdefense, such as the loss of witnesses on his behalf. Defendant Williams has made no showing that he has been prejudiced as a result of the State entering a nolle prosequi and reinstituting the charge against him
DECREE
After review of the record in light of the applicable law and arguments, we conclude Defendant Williams failed to make a showing of specific prejudice to his defense which would warrant the granting of the motion to quash. The ruling of the trial court is reverséd and remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS