PAUL A. BONIN, Judge.
|2The district attorney appeals the trial court’s sustaining of the defendant’s motion to quash. Nicholas Luther, the defendant, moved to quash the second bill of information filed against him on the grounds that the district attorney had exceeded his authority to dismiss the first bill of information and re-institute prosecution in this case. Along with a number of other cases pending before him, and after receiving only limited oral argument and no evidence, the trial judge sustained Mr. Luther’s motion. The prosecution appealed. See La. C. Cr. P. art. 912 B(l).
Because we find that there was no showing that Mr. Luther has suffered prejudice to his right to a fair trial on account of the district attorney’s exercise of his dismissal-reinstitution authority, we reverse the trial court’s ruling and remand the matter for trial.
We explain our decision in the following Parts.
[[Image here]]
In this Part we set forth the basic facts relevant to our disposition of this appeal.
On October 9, 2008, the district attorney filed the first bill of information against Mr. Luther in proceedings numbered 481-078, in which the district attorney charged him with simple burglary and unauthorized use of a motor vehicle occurring in August 2008. When the time came for the hearings on Mr. Luther’s pretrial motions, the prosecution sought continuances, the first of which was granted but the second of which was denied. Because of the absence of any witness at the preliminary hearing, the trial judge found no probable cause and released Mr. Luther from custody. Trial was scheduled for September 29, 2009. The prosecution sought, and the trial judge denied, a continuance of the trial. The district attorney then dismissed the bill of information.
On December 9, 2010, the district attorney filed the second bill of information against Mr. Luther in proceedings numbered 502-549, charging the same offenses as the first bill. Two weeks after Mr. Luther’s arraignment, and before hearings on his pretrial motions, Mr. Luther filed his motion to quash the second bill of information. Mr. Luther made two claims in his motion to quash about the state’s practice of dismissal-reinstitution of charges in order to grant itself a continuance: (1) it violates his right to due process, and (2) it violates the separation of powers doctrine.
|4On February 8, 2011, without argument or evidence, the trial-court judge sustained Mr. Luther’s motion to quash and dismissed the charges against him with prejudice. At the same time and in the same hearing, the trial-court judge also sustained similar defense motions in five other unrelated cases.[1]
At the time of the ruling, the defense relied upon the decision of State v. King, 10-074 (La.App. 1 Cir. 10/29/10), 48 So.3d 1288. Subsequent to the ruling, the Louisiana Supreme Court reversed. See State *562 v. King, 10-2638 (La.5/6/11), 60 So.3d 615. And subsequent to the briefing in this case, we decided State v. Hayes, 10-1538 (La.App. 4 Cir. 9/1/11), 75 So.3d 8, writ den., 11-2144 (La.3/2/12), 83 So.3d 1043. We directed the parties to address by supplemental briefs the applicability of Hayes to Mr. Luther’s case. Both the prosecution and Mr. Luther agree that the holding in Hayes is dispositive of the claims raised by Mr. Luther. Thus, we turn to our decision in Hayes.
II
At the outset we note that Mr. Luther’s motion to quash did not assert a claim that his constitutional or statutory rights to a speedy trial have been violated. See State v. Reaves, 376 So.2d 136 (La.1979); see also La. C. CR. P. art. 532(7). He also did not contend that the prosecution was attempting to avoid the time limitations for the commencement of trial. See La. C. Cr. P. art. 576. Mr. Luther argues that the prosecution is flaunting its authority, and that its exercise in this |5case of its dismissal and reinstitution power violates his due process rights as well as the constitutional separation of powers doctrine. This is precisely the posture in Hayes. 10-1538, p. 1, 75 So.3d at 11.
In Hayes we thoroughly examined the district attorney’s vast discretionary power to institute a prosecution, dismiss or nolle prosequi a prosecution, and to re-institute a prosecution. Hayes. 10-1538, p. 6, 75 So.3d at 13. We specially noted that “the decision to take any action to prosecute or not prosecute is within the district attorney’s constitutionally granted powers.” Briede v. Orleans Parish Dist. Attorney’s Office, 04-1773, p. 5 (La.App. 4 Cir. 6/22/05), 907 So.2d 790, 793; see also La. Const. art. V, § 26(B) and La. C. Cr. P. art. 61. Once having instituted a prosecution, “[t]he district attorney has the power to dismiss [it] ... and in order to exercise that power it is not necessary that he obtain consent of the court.” La. C. Cr. P. art. 691. See also La. C. Cr. P. art. 576. “The entering of a nolle prosequi [dismissal] rests entirely within the discretion of the prosecuting attorney.” State v. Sykes, 364 So.2d 1293, 1297 (La.1978). The district attorney possesses “absolute discretion” to dismiss a prosecution. Id.
We also reviewed in Hayes considerations of the district attorney “flaunting” his dismissal-reinstitution authority. Hayes, 10-1538, pp. 7-10, 75 So.3d at 13-15. Notwithstanding the extent of his discretionary prosecutorial authority in the dismissal-reinstitution of formal charges, the district attorney may not, however, flaunt “his authority for reasons that show he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses.” State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. But we emphasized that “the flaunting of the prosecutor’s authority is merely a gateway consideration to granting a motion to quash on thesé grounds.” Hayes, 10-1538, p. 8, 75 So.3d at 14. And “[t]he granting of a motion to quash on the ground of prosecutorial abuse of its authority is dismissal with prejudice.” Id., citing to State v. King, 10-2638, p. 5 (La.5/6/11), 60 So.3d at 618.
We then explained that “[b]eeause of the severe remedy, a trial court may not quash the formal charges and dismiss them with prejudice when the prosecution’s abusive exercise of its authority simply disrupts a trial court’s conduct of the proceedings or challenges the court’s authority to manage its docket.” Hayes, 10-1538, pp. 8-9, 75 So.3d at 14. If the prosecution’s abusive exercise of its authority “does not significantly disadvantage the defense at any forthcoming trial,” the motion to quash should not be sustained and the prosecu *563 tion should not be dismissed with prejudice. Id., citing to State v. King, 10-2688, p. 6, 60 So.3d at 619.
We concluded by holding that “[t]he defendant must show that the district attorney’s abusive exercise of its power actually violates the defendant’s constitutional right to a fair trial.” Hayes, 10-1538, p. 9, 75 So.3d at 14. “An accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify on his own behalf.” La. Const, art. 1, § 16 (emphasis added). The Louisiana Supreme Court requires the defendant “to make a showing of specific prejudice to his | ^defense.” State v. King, 10-2638, p. 8, 60 So.3d at 620, citing to State v. Love, supra, and Barker v. Wingo, 407 U.S. 514, 521, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Therefore, “a prosecutor’s evident, flagrant, objectionable, and ill-motived ‘flaunting’ is not in itself specific prejudice to the defense at a forthcoming trial.” Hayes, 10-1538, p. 9, 75 So.3d at 15. “In order to sustain a motion to quash, the resulting specific prejudice to his right to a fair trial must be shown by the defendant.” Hayes, 10-1538, pp. 9-10, 75 So.3d at 15.
Ill
Thus, the identical elaims asserted here by Mr. Luther were rejected in Hayes. We rejected the defendant’s claim in which he argued reliance upon the holding in Wardius v. Oregon that the Due Process Clause of the Fourteenth Amendment “speak[s] to the balance of forces between the accused and his accuser.” Wardius v. Oregon, 412 U.S. 470, 474, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). See Hayes, 10-1538, p. 3, 75 So.3d at 11-12 (“The prejudice he identifies in his motion is the self-evident inequity of one party’s ability to avoid trial without authorization of the court.”). And we rejected the defendant’s related claim in which he argued that the prosecutor’s perceived displacement of the trial judge as the effective decider of his own motion for a trial postponement or continuance violates the separation of powers.[2] See Hayes, 10-1538, p. 9, 75 So.3d at 15. In other words, neither claim | ^suffices for the requisite showing of “specific prejudice to his right to a fair trial.” Hayes, 10-1538, p. 10, 75 So.3d at 15.
IV
In Hayes we applied an abuse-of-discretion standard because the complementary roles of the trial court and of our intermediate appellate court demand that deference is given by us to a trial court’s decision. See Hayes, 10-1538, p. 10, 75 So.3d at 15, citing to State v. Love, 00-3347, pp. 9-10, 847 So.2d at 1206-1207. Applying that standard of review, we find that the trial-court judge abused his discretion because he was required to find that Mr. Luther has shown specific prejudice to his defense at any forthcoming trial, but Mr. Luther has made no such showing. See Hayes, 10-1538, p. 11, 75 So.3d at 15. “A trial court necessarily abuses its discretion if its ruling is based on an erroneous view of the law.” Id., citing to Cooter & Gelt v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); United States v. Taylor, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (noting that discretionary choices are not left to a court’s inclina *564 tion, but to its judgment, which is guided by sound legal principles).
Here, as we noted at the outset, Mr. Luther made no allegation, much less showing, of specific prejudice to his right to a fair trial. And the most serious kind of prejudice is “the possibility that the defense will be impaired.” Barker v. Wingo, 407 U.S. at 582, 92 S.Ct. 2182. Notably, his motion to quash was sustained very early in the pretrial stages of the reinstituted prosecution and before his case was even set for trial. Mr. Luther does not suggest that the district attorney’s actions in this case |ndeprived him of the availability of a defense witness or otherwise prevented him from presenting a defense at trial. Just as the defendant in Hayes, Mr. Luther filed his motion to quash virtually as soon as the formal charges were reinstituted. See Hayes, 10-1538, p. 14, 75 So.3d at 16. He was not confronted with a trial setting at which he was unable to produce any witness. Id. He was not confronted with a denial of a request for a continuance due to the absence of his witness. Hayes, 10-1538, p. 14, 75 So.3d at 16-17. These are, as we noted in Hayes, the kinds of conditions under which a defendant could show specific prejudice that his defense has been significantly disadvantaged at a forthcoming trial. Id., citing to King, 10-2638, p. 6, 60 So.3d at 619.
Mr. Luther has not shown, as he is required to show, specific prejudice to his defense from the prosecution’s use of its dismissal-reinstitution authority. Because in this case at this point in time the trial judge could not have found such specific prejudice which would justify a dismissal with prejudice, granting the motion to quash was an abuse of discretion and we accordingly reverse the ruling.
DECREE
The ruling of the trial court sustaining the motion to quash filed by Nicholas Luther is reversed. The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED
JONES, C.J., concurs in the result.

. See State v. Williams, 11-946 (La.App. 4 Cir. 4/11/12), 89 So.3d 422; State v. Cornell Glover and Carla Ledet, 2011-KA-1167 (pending; submitted for decision 4/24/12); State v. Mat-sukata Keeling, 2011-KA-0945 (pending; submitted for decision on 4/03/12). We have no record of the disposition respecting the fifth defendant, Calvin Sanchez.

. Mr. Luther references La. Const, art. II, § 2: "Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others.” We note en passant that the prose-cutorial power under the Louisiana constitution, unlike the federal, is in the judicial branch and not in the executive branch. See La. Const, art. V, § 26.