| STATE OF LOUISIANA | * | NO. 2024-KA-0092 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| DERRICK L. SMITH | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 560-027, SECTION "G"
Judge Nandi Campbell
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

**LOBRANO, J., CONCURS WITH REASONS**
**JENKINS, J., CONCURS AND ASSIGNS REASONS**

Jason R. Williams
DISTRICT ATTORNEY, ORLEANS PARISH
Brad Scott
CHIEF OF APPEALS
Thomas Frederick
ASSISTANT DISTRICT ATTORNEY
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUISIANA/APPELLANT

Nicholas Elefante
Michael Gregory
ORLEANS PUBLIC DEFENDERS OFFICE
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLEE

      **REVERSED AND REMANDED**
      **April 11, 2025**

*RML*

Defendant, Derrick Smith, filed a Motion to Quash the Reinstitution of Prosecution, which the district court granted. The State appeals, asserting the district court erred in granting the motion to quash after the State entered a *nolle prosequi* on the day of trial and reinstituted charges the same day. Answering that question in the affirmative, we reverse and remand.

## PROCEDURAL HISTORY[1]

The original bill of information in this case, 558-767, charged Mr. Smith with one count of Possession of a Firearm or Weapon by Felon in violation of La. R.S. 14:95.1 and one count of Resisting an Officer in violation of La. R.S. 14:108(C). Mr. Smith appeared for arraignment and entered a plea of not guilty. The district court conducted a preliminary hearing and found no probable cause as to the charge of possession of a firearm by a felon. Both parties objected and the district court set trial for November 20, 2023. On October 5, 2023, Mr. Smith filed a Motion for a Bench Trial, which the district court granted on October 23, 2023. The district court held a pretrial conference on November 13, 2023, during which

---

[1] The facts underlying the charges are not relevant for a determination of the issue presented.

the State and Mr. Smith agreed that no outstanding matters existed, and confirmed their readiness for trial. On November 20, 2023, the morning of trial, the State entered a *nolle prosequi* over Mr. Smith's objection and filed a new indictment charging him with the same offenses.

On November 30, 2023, the case was transferred to Section "G" from Section "D" to follow the previously-dismissed case. On December 7, 2023, Mr. Smith appeared for arraignment under the new case number (560-027), and entered a plea of not guilty; the district court set trial for January 9, 2024. The district court conducted a bond hearing on December 12, 2023, at which the district court adopted the findings from the previously-dismissed case, stating "At this time, in case number 560-027, . . . , I'm going to adopt . . . the same finding . . . in 558-767, no probable cause for Count 1, 14:95.1 and set the bond for resisting an officer at $500." On January 5, 2024, Mr. Smith filed a Motion to Quash; and the district court held a hearing on the same day. Following the hearing, the district court granted the motion and ordered the bill of information quashed with prejudice. The State objected. The State filed a Motion for Appeal, which the district court granted.

## NOLLE PROSEQUI

The sole issue presented for review is whether the district court erred in granting Mr. Smith's Motion to Quash after the State entered a *nolle prosequi* on all counts where the State was unprepared for trial on the first trial date because the clerk's office had not provided a complete certified conviction packet.

## DISTRICT COURT

Mr. Smith urged the district court to find that his due process and speedy trial rights were violated. However, instead of focusing on prejudice resulting

from the State's delay, Mr. Smith maintained that the State abused its authority to dismiss and reinstitute charges to avoid moving for a continuance based on its unpreparedness for trial.

The State asserted at the hearing that the purpose for its dismissal and reinstatement of the charges was the failure of the clerk's office to provide a legally sufficient certified conviction packet prior to the November 20, 2023 trial, and thus was not an abuse of its authority.

The district court did not find the State's argument persuasive, reasoning:

> On 11/20/2023 State came in, they entered a nolle pros in the matter. Hold tight, it gets better. They entered a nolle pros and they informed this Court that they already submitted the paperwork to reinstitute the case. In [sic] the same day, on 11/20/2023, an order to ensure that Mr. Smith remains incarcerated, they came in, they nolle prosed that case, and they had the paperwork all ready to reinstitute it on 11/20/2023.

> This Court finds that the State after noting to the Court and Defense that they were ready and there was [sic] no outstanding matters on November 13, 2023, utilized their powers to nolle pros the case, to give themselves one more time to get information that they did not have that this Court believed they should have had when they initially instituted prosecution against Mr. Smith. They used their powers, not only to make sure that they give more discovery and the certified pack over, but also to ensure that Mr. Smith remains incarcerated by making sure the day they dismissed the case they were there with papers to reinstitute it. And, to me, that is the pure definition of abusing the power of your office.

Ultimately, the district court granted Mr. Smith's Motion to Quash and ordered his release.

### APPEAL

On appeal, the State contends the district court erred in granting Mr. Smith's Motion to Quash and in finding that the State's dismissal and reinstitution of the charges was an abuse of its prosecutorial authority. The State contends the clerk's office tendered a legally insufficient conviction packet that would not prove Mr.

Smith's prior conviction, an element of the offense in this case. The State asserts it reurged its request to the clerk's office and provided the completed packet to the defense after it was received. The State maintains that its actions were reasonable and did not violate Mr. Smith's rights to due process and fundamental fairness, and that Mr. Smith failed to allege any prejudice as a result. For the reasons discussed below, the State's claim is meritorious.

## STANDARD OF REVIEW

In *State v. Harris,* 2019-0900, p. 5 (La. App. 4 Cir. 7/22/20), 302 So. 3d 1177, 1180-81, this Court set forth the standard of review for a trial court's ruling on a motion to quash.

> The standard of review that we apply in reviewing a district court's ruling on a motion to quash varies based on the types of issues presented. When solely legal issues are presented-such as in the present case involving a motion to quash under La. C.Cr.P. art. 535 A(1) for failure to charge an offense punishable under a valid statute we apply a *de novo* standard of review. *State v. Olivia*, 13-0496, pp. 2-3 (La.App. 4 Cir. 3/26/14), 137 So.3d 752, 754; *State v. Schmolke*, 12-0406, p. 4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 299; *see also State v. Hamdan*, 12-1986, p. 6 (La. 3/19/13), 112 So.3d 812, 816 (noting that "[o]n appeal from the trial court's ruling on a motion to quash, the trial court's legal findings are subject to a *de novo* standard of review"). In contrast, when mixed issues of fact and law are presented such as speedy trial violations and ***nolle prosequi* dismissal reinstitution cases-** we apply an abuse of discretion standard. *State v. Hall,* 2013-0453, pp. 11-12 (La. App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (citing *State v. Tran,* 2012-1219, p.2 (La. App. 4 Cir. 4/24/13), 115 So. 3d 672, 673, n.3 ) (explaining that "[i]n reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge's ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion"); *State v. Love,* 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206 ("[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision).

(emphasis added) (quoting *State v. Trepagnier,* 14-0808, p. 5, n.3 (La. App. 4 Cir. 11/19/14), 154 So. 3d 670, 673).

4

*ANALYSIS*

A motion to quash is the proper procedural mechanism to challenge the State's nolle prosequi and reinstitution of charges through raising a claim of "prosecutorial abuse of its dismissal-reinstitution authority," which may be raised independently of a constitutional speedy trial violation claim. *State v. Hayes*, 2010-1538, p. 4 (La. App. 4 Cir. 9/1/11), 75 So. 3d 8, 12.

Louisiana Code of Criminal Procedure article 691 provides, *in pertinent part*:

> The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court.

Generally, a *nolle prosequi* entered by a district attorney prior to the beginning of trial is not a bar to the reinstitution of prosecution.[2] La. C.Cr.P. art. 693. According to La. C.Cr.P. art. 576, a new prosecution can be filed for the same or lesser offense within six months of the dismissal or within the remaining statutory prescriptive period for the offense charged, whichever is longer, if the State can show its actions were not intended to avoid the time limitation for commencement of trial established by La. C.Cr.P. art. 578.

"The jurisprudence has recognized that the State's dismissal-reinstitution authority may be overborne under the circumstances of any given case by proof either that the defendant's right to a fair trial was violated or that the defendant's constitutional right to a speedy trial was violated." *State v. Brown*, 2011-0947, p. 5

---

[2] There are two exceptions listed in La. C.Cr.P. art. 693 that bar prosecution if a nolle prosequi is entered: (1) without the defendant's consent after the first witness is sworn at the trial on the merits; or (2) after a city court conviction has been appealed to the district court for a trial *de novo*. Neither exception applies in this case.

(La. App. 4 Cir. 3/7/12), 88 So. 3d 662, 665 (citing *State v. King,* 2010-2638 (La. 5/6/11), 60 So. 3d 615). "Louisiana jurisprudence recognizes two separate and distinct bases for a defendant's right to a speedy trial: a statutory right granted by La. C.Cr.P. arts. 701" and 578, "and a constitutional right guaranteed by the Sixth Amendment to the United States Constitution and Article 1, §16 of the Louisiana Constitution. *State v. Andrews*, 2018-0149, 2018-0339, p. 8 (La. App. 4 Cir. 9/12/18) 255 So. 3d 1106, 1113 (citing *State v. Sorden*, 2009-1419, p. 7 (La. App. 4 Cir. 8/4/10), 45 So. 3d 181, 185).

Mr. Smith's pleading claimed his speedy trial rights were violated; however, he did not aver that the delays prejudiced his defense. Only four months had lapsed since the State filed charges. This weighs against a finding that Mr. Smith's statutory speedy trial rights were violated.

As an illustration, in determining whether a defendant's constitutional right to a speedy trial has been violated, the Supreme Court, in *Barker v. Wingo*, created a totality of the circumstances test, balancing four factors: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant resulting from the delay. 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The first of the four *Barker* factors, "the length of the delay, is the 'triggering mechanism,' and if the length of the delay is not 'presumptively prejudicial,' the court need not inquire into the other three *Barker* [*v. Wingo*] factors." *State v. Sanders*, 2012-0409, p. 8 (La. App. 4 Cir. 11/14/12) 104 So. 3d 619, 626.

In the instant case, following Mr. Smith's arrest on May 31, 2023, the State filed the initial bill of information charging two counts on July 25, 2023.

6

Approximately four months later, on November 20, 2023, the State nolle prosequied the original bill of information and reinstituted the same charges. Two months later, on January 5, 2024, the district court granted Mr. Smith's Motion to Quash the bill of information. Since only four months elapsed between the filing of the original bill and the reinstitution of the charges, the delay was not presumptively prejudicial. *See State v. Sanders*, 2012-0409, p. 8, 104 So. 3d at 626 (five-month delay between filing of initial bill and reinstitution not found presumptively prejudicial); *State v. Shanklin*, 2006-1151, pp. 4-5 (La. App. 4 Cir. 2/14/07), 953 So. 2d 84, 87 (nine-month delay is not presumptively prejudicial). Moreover, the record reflects that Mr. Smith did not file a motion for a speedy trial at any time prior to the filing of the Motion to Quash; as such, the remaining *Barker* factors do not weigh in Mr. Smith's favor and do not support a finding that the State's action deprived him of the right to a speedy trial.

"In cases where charges are reinstituted within the statutory periods of limitation, in order to merit relief [on a motion to quash] the defendant must make a showing of specific prejudice to his defense." *State v. Quinn*, 2013-0726, p. 4 (La. App. 4 Cir. 2/19/14), 136 So. 3d 267, 270, (citing *State v. Lee*, 2011-0892, p. 2 (La. App. 4 Cir. 1/18/12), 80 So. 3d 1292, 1293). "To prevail under this due process standard, it is not sufficient to show that the state dismissed a prosecution merely because it believed the dismissal was in the state's best interest." *State v. Papizan*, 2017-0028, p. 9 (La. App. 1 Cir. 11/2/17), 256 So. 3d 1091, 1098. Instead, "[t]he record must establish that the state dismissed the prosecution 'for the purpose of' imposing a significant disadvantage on the defendant, and, as a result, the defendant's right to a fair trial was substantially prejudiced." *Id*., 2017-0028, pp. 9-10, 256 So. 3d at 1098.

7

Further, the defendant must show that the district attorney's abusive exercise of its power actually violated the defendant's constitutional right to a fair trial. *Id.*, 2017-0028, p. 9, 256 So. 3d at 1098.

In *State v. Hayes*, this Court held that a "prosecutor's evident, flagrant, objectionable, and ill-motived 'flaunting' is not in itself specific prejudice to the defense at a forthcoming trial." 2010-1538, p. 15, 75 So. 3d at 9-10. "In order to sustain a motion to quash, the resulting specific prejudice to his right to a fair trial must be shown by the defendant." *Id.* The inability to produce witnesses or the denial of a request for a continuance based upon the absence of a witness may show prejudice. *Hayes*, 2010-1538, p. 14, 75 So. 3d at 16-17.

In *State v. King*, the State dismissed and reinstituted the original case when the district court refused to grant the State a continuance because it was having trouble procuring financial records from a bank. 2010-2638, pp. 7-8, 60 So. 3d at 619-20. The defendant filed a motion to quash, arguing that the State undermined the district court's authority, which the district court granted and the appellate court affirmed. *Id.*, 2010-2638, pp. 3-4, 60 So. 3d at 617. However, the Supreme Court found no evidence that the State sought a tactical advantage over the defense, noting that the bank had failed to comply with the State's discovery request, and questioned whether the trial court has exercised "sound discretion" by denying a continuance in such circumstances. *Id.*, 2010-2638, pp. 6-7, 60 So. 3d at 619. The Court held that without evidence of a speedy trial violation or a showing of "prejudice to his defense of the case arising out of the delay occasioned by the state's dismissal and immediate reinstitution of the prosecution to force a second continuance of trial," the district court erred in granting the defendant's motion to quash. *Id.*, 2010-2638, p. 8, 60 So. 3d at 620.

In *State v. Batiste*, the State dismissed and reinstituted the charges without seeking a continuance when the victim did not appear for trial. 2005-1571, p. 8 (La. 10/17/06), 939 So. 2d 1245, 1251. The Supreme Court held that the district court erred in granting the defendant's motion to quash when the defendant had not alleged that his defense was disadvantaged by the delay, such as claiming any lost witnesses or evidence. *Id.*

Conversely, the Louisiana Supreme Court found that "the state's exercise of its statutory right under La.C.Cr.P. arts. 691 and 61 to dismiss and reinstitute charges against defendant upset this 'balance of forces' to such a degree that it violates defendant's right to due process and fundamental fairness." *State v. Reimonenq*, 2019-0367, pp. 7-8 (La. 10/22/19), 286 So. 3d 412, 417. In *Reimonenq*, "[t]he state abused its authority to dismiss and reinstitute charges against defendant in order to give itself a continuance and reverse the trial court's ruling excluding its expert witness." 2019-0367, p. 8, 286 So. 3d at 417.

In the instant case, the State filed the original bill of information on July 25, 2023, and dismissed the bill on November 20, 2023, four months later. Thus, the State was not attempting to avoid the time limitations to commence trial.[3] The State contends that deriving any type of benefit from dismissing and reinstituting charges does not necessarily constitute an abuse of authority. The State maintains "the authority was exercised for a legitimate reason, and [defendant] failed to allege even a shred of actual prejudice (whether intended or unintended by the State) in the motion to quash." Thus, the State avers, the district court erred in granting Mr. Smith's Motion to Quash.

---

[3] Pursuant to Louisiana law, no trial shall commence in non-capital, felony cases if two years have passed from the date of institution or prosecution. La. C.Cr.P. art. 578.

The prejudice Mr. Smith identifies in his Motion to Quash is the prosecution's tactical advantage in avoiding trial without a continuance. Mr. Smith contends that he would have prevailed at trial because the prosecution was unprepared.[4] But, this Court in *Hayes* rejected a similar argument.

> [The defendant] makes no claim to a specific prejudice to his defense at any forthcoming trial. The prejudice he identifies in his motion is the self-evident inequity of one party's ability to avoid trial without the authorization of the court. The implication is that the defense would have prevailed at trial because the prosecution was unprepared, and it would not prevail if the prosecution was prepared with its witnesses and its evidence. The further implication is that an unprepared defendant is sometimes forced to trial by the court and is convicted on that account. **But in neither of these situations is there a specific prejudice to this defendant at his upcoming trial**.

2010-1538, pp. 11-12, 75 So. 3d at 15-16 (emphasis added).

The district court in the present matter did not specifically declare that Mr. Smith was prejudiced; however, the district court noted that the State "ensure[d] that Mr. Smith remained incarcerated." The *Hayes* court also "reject[ed] the argument that [a defendant's] continued pretrial detention is prejudicing his defense" when none of his speedy trial rights have yet been implicated."[5] 2010-1538, pp. 12-13, 75 So. 3d at 16. As in *Hayes*, Mr. Smith failed to show specific prejudice to his defense resulting from the prosecution's use of its dismissal-reinstitution authority; and the district court's recognition in its ruling that Mr. Smith endured continued pretrial incarceration is insufficient to warrant the quashal of his charges when he has not shown a speedy trial violation. Moreover, we do not find that the State's behavior rises to the level of tactical manipulation

---

[4] Mr. Smith stated in his Motion to Quash, "[i]f trial had proceeded on November 20, 2023, the State of Louisiana would not have entered a Certified Conviction Packet into evidence [and] would not have been able to elicit testimony and evidence necessary to prove their case."

[5] The *Hayes* court reasoned, "[t]hat alone suggests that Mr. Hayes' pretrial incarceration has not been oppressively lengthy to cause prejudice to his defense which would result in dismissal with prejudice." 2010-1538, p. 16, 75 So. 3d at 13.

found in *Reimonenq*.  Accordingly, we find the district court erred by granting Mr. Smith's Motion to Quash.[6]

## *DECREE*

For the above-mentioned reasons, we find the district court erred by granting Mr. Smith's Motion to Quash.  The judgment of the district court is reversed, and the matter is remanded for further proceedings.

**REVERSED AND REMANDED**

---

[6] We note that an appropriate and effective remedy in a matter wherein the State has arguably flaunted its authority to dismiss and reinstitute charges based on an unpreparedness to go to trial and/or comply with discovery deadlines, would be the institution of contempt proceedings rather than quashing the charges, which would result in a windfall for the defendant.