PER CURIAM.
_jjThe court of appeal affirmed the trial court’s grant of defendant’s motion to quash the pending prosecution against him for issuing worthless checks in an amount over $500, in violation of La.R.S. 14:71, because it agreed with the lower court that the state had abused its plenary charging discretion by dismissing the original bill of information and refiling the bill a day later after the court denied its motion to continue the ease at its second trial setting. State v. King, 10-0074, p. 7 (La.App. 1st Cir.10/29/10), 48 So.3d 1288, 1293 (Kuhn, J., dissenting). We granted the state’s application to review that decision and reverse for the reasons that follow.
The state charged defendant with issuing worthless checks by bill of information filed on March 17, 2008. The trial court appointed the Public Defender’s Office to represent defendant. The early stages of the proceedings were marked by the filing of preliminary motions, continuance of three status conferences at the request of the defense, and failed plea negotiations in which defendant rejected an | ^offer of seven years imprisonment at hard labor on September 8, 2008, after which the court set a trial date for March 23, 2009. At a status conference on January 20, 2009, the trial court directed counsel to speak with defendant about his representation and thereafter, on January 26, 2009, denied a pro se motion filed by defendant to dismiss counsel. The court maintained the trial date of March 23, 2009. On that date, after defendant stated for the record that he again rejected a plea offer, this time for two years imprisonment at hard labor, the state orally moved for a continuance on grounds that it “had a little bit of trouble in procuring some of the financial records from the bank.” The trial court granted the continuance in accord with its internal policy of affording both sides one continuance only, as a means of managing its docket and encouraging the parties to prepare their cases for trial. The court informed defendant that “this will be the state’s only chance to continue [the case],” and reset trial for May 20, 2009.
Shortly thereafter, the state issued a subpoena duces tecum to Capitol One Bank and set a return date of May 11, 2009, or 10 days before the scheduled trial date. On May 20, 2009, and despite the *617 court’s earlier admonition, the state again moved for a continuance. The prosecutor informed the court that after determining the bank had not responded to the subpoena, he called Capitol One and made inquiries that prompted a facsimile transmission to him of some records which, however, “were incomplete and not fully compliant with” the subpoena. The prosecutor further informed the court that the bank had yet to give him the name of a records custodian “who will be able to come and testify as to the authenticity and accuracy of the records where they do provide them to me,” although personnel in the security office had assured him that they would be able to secure the records and provide him with someone who could testify in court. In short, the prosecutor |sinformed the court that because Capitol One had not complied with the subpoena he was unable to proceed to trial. However, the court denied the continuance summarily and the prosecutor immediately responded by dismissing the bill of information. It is clear from their remarks at the close of the proceedings that both defense counsel and the trial court anticipated that the state would refile the charge. In the meantime, defendant remained in the parish jail on an out-of-state detainer.
On the following day, the state reinsti-tuted the same charge against defendant for issuing worthless checks by filing a new bill of information. At arraignment, defendant pleaded not guilty and thereafter, on September 11, 2009, he filed a motion to quash the bill of information on grounds that the state had circumvented the trial court’s authority as a matter of La.C.Cr.P. art 17 to manage its own docket by dismissing and then immediately reinstituting the worthless check charge, thereby granting the state a continuance to which it was otherwise not entitled, either as a matter of the one-continuance-per-side internal policy of the trial court, or as a matter of the requirements set out in La.C.Cr.P. art. 709 for obtaining a continuance based on the absence of witnesses. The motion alleged a denial of due process because, in effect, only the defense was subject to the court’s internal one-continuance rule. With trial of the reinstituted charge set for October 21, 2009, the court conducted a hearing on the motion to quash on October 12, 2009, and thereafter, on October 21, 2009, granted the motion and dismissed the prosecution.
On appeal of that ruling by the state, a majority on the First Circuit panel acknowledged that in the motion to quash, the defense did not allege that the state had dismissed and refiled the worthless check charge to avoid the running of the two-year time limit on trial imposed by La.C.Cr.P. art. 578(2). King, 10-0074 at 4, 48 So.3d at 1290. Nor did the motion assert that defendant’s Sixth Amendment right to a | ¿speedy trial had been abridged. However, the majority quoted' extensively from the trial court’s remarks on October 21, 2009, in which the court stressed not its one-continuance rule but the lack of preparation by the state, first in setting an initial trial date of March 28, 2009, but not issuing any subpoenas for its witnesses or bank records, and then by resetting trial for May 20, 2009, improving on its initial poor showing by issuing some subpoenas, but then failing to insure that the sought-after witness would appear on the date scheduled with the relevant bank records. For the trial court, the problems faced by the state on May 20, 2009⅝ would not have occurred but for its failure to prepare properly for trial on March 23, 2009. Given this detailed statement of reasons by the trial judge, a majority on the First Circuit panel determined that “[t]he record supports the trial court’s conclusion ... that, essentially, the state flaunted its au *618 thority by granting itself a continuance that the trial court denied.” King, 10-0074 at 7, 48 So.3d at 1293.
Dissenting, Judge Kuhn questioned whether the trial eourt?s one-eontinuance-per-side rule qualified as the exercise of a trial judge’s sound discretion conferred by La.C.Cr.P. art. 17 over the conduct of proceedings in his or her court. King, 10-0074 at 1, 48 So.3d 1288 (Kuhn, J., dissenting). He further observed that the state’s dismissal of the original bill “was because Capital One Bank did not fully comply with its discovery request and a key witness (documents custodian) was not present at trial.” Id., 10-0074 at 3, 48 So.3d 1288 (Kuhn, J., dissenting). Thus, the record appeared “devoid of anything that suggests the State dismissed the charge and reinstituted prosecution to obtain a tactical advantage over the defendant.” Id. Given that the timeliness of the prosecution under La.C.Cr.P. art. 578 was not an issue, Judge Kuhn concluded that the trial court abused its discretion in granting the motion to quash. Id.
| fiWe subscribe to the views expressed by Judge Kuhn in his dissent. Decisions in this Court and in the courts of appeal have documented the frequent collisions between a trial judge’s authority to conduct proceedings “in an orderly and expeditious manner,” La.C.Cr.P. art. 17, including the authority to adopt rules “governing the procedure for setting cases for trial and giving notice thereof,” La. C.Cr.P. art. 702, and a district attorney’s plenary “charge and control” over every criminal prosecution instituted or pending in his district, including the determination of “whom, when, and how he shall prosecute.” La.C.Cr.P. art. 61. See, e.g., State v. Batiste, 05-1571 (La.10/17/06), 939 So.2d 1245; State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198; State v. Brown, 05-1146 (La.App. 4th Cir.7/26/06), 937 So.2d 419; State v. Larce, 01-1992 (La.App. 4th Cir.1/23/02), 807 So.2d 1080. We have recognized that the trial court possesses the inherent discretion to grant a motion to quash and to order a prosecution dismissed with prejudice after the state has used its broad prosecutorial discretion by dismissing and then reinstituting a prosecution to force a continuance of trial, even under circumstances in which prescription had not tolled or would not shortly thereafter toll as a matter of La.C.Cr.P. art. 578, or in which the Speedy Trial Clause of the Sixth Amendment would not also require that result. Love, 00-3347 at 14, 847 So.2d at 1209 (“The upshot of all of these cases is that Louisiana courts understand that determination of motions to quash in which the district attorney entered a nolle pros and later reinstituted charges should be decided on the basis of the facts and circumstances of the individual case.”). Accordingly, “[i]n situations where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant |fia motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.” Id.
When, as in the present case, a prosecutor dismisses a pending prosecution in the face of a trial court’s denial of a continuance to the state, and then refiles the same charge to continue the prosecution after a brief pause, he can be said to have “flaunted” the state’s unique power and authority that the defense does not also possess. State v. Stephens, 00-2472, p. 1, n. 1 (La.3/16/01), 782 So.2d 562, 566 (Lemmon, J., dissenting) (“If the defendant had sought and been denied a continuance, his only two choices would have been seeking supervisory review of the *619 denial or going to trial. He could not have flaunted the trial judge’s decision or taken over the judge’s control of his docket, as the prosecutor did [by dismissing the original indictment and re-indicting the defendant].”). However, because of the severe consequences of dismissing a pending prosecution that is neither time-barred as a matter of La.C.Cr.P. art. 578, nor precluded by the Speedy Trial Clause of the Sixth Amendment, we made clear in Love that the state must exercise that authority in such a way that it does not simply disrupt the trial court’s conduct of the proceedings or challenge the court’s authority to manage its docket, but also significantly disadvantages the defense at any forthcoming trial. Thus, in Batiste, we overturned the trial court’s grant of a motion to quash because the record gave “no indication that the district attorney was flaunting his authority at the expense of the defendant .... the record indicates a nolle prosequi was entered because the victim was not present for trial and was wavering in her commitment to going forward with the case.” Batiste, 05-1571 at 5-6, 939 So.2d at 1249.
Similarly, in the present case, although the trial court took a dim view of the state’s efforts in preparing its case for trial, the court did not challenge the credibility |7of the state’s explanation that its problems stemmed from difficulties with Capitol One Bank. The court discounted the prosecutor’s explanation on grounds that, but for the state’s lack of diligence in preparing the case for its first trial setting, it would not have had the problems with the bank at the second trial setting in May 2009. However, as Judge Kuhn emphasized in his dissent, the record fails to suggest that the state simply sought a tactical advantage over the defense, or that it was whipsawing defense witnesses by forcing them to make repeated but futile trips to the courthouse, see State v. Reaves, 376 So.2d 136, 138 (La.1979), as opposed to struggling to put its case together by identifying and summoning the appropriate witnesses. Nor does the record support an inference that the state delayed matters to wear down the defendant and incline him to reconsider the rejected plea bargain, as the delays in the first year of the proceedings were attributable as much, if not more, to the defense as they were to the state, and, if anything, worked to defendant’s advantage, as the state reduced by over half its initial plea bargain offer of seven years imprisonment at hard labor.
The filing of the motion to quash in September 2009, and the hearing conducted on the motion a month later, occurred well within the two-year time limit for bringing the case to trial by March 17, 2010, after which a conclusive presumption of prejudice would apply to any further delays not justified by causes of suspension or interruption. United States v. Marion, 404 U.S. 307, 322, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971)(statutory periods of limitation on the prosecution of cases offer the primary means of enforcing the Sixth Amendment right to a speedy trial because they “provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant’s right to a fair trial would be prejudiced.”). Short of that statutory tolling, our decision in Love requires the defendant to make a 18showing of specific prejudice to his defense because even under the Sixth Amendment, which offers a defendant the ultimate bulwark against the state’s manipulation of its plenary charging powers, and “unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not per se prejudice the accused’s ability to defend himself.” *620 Barker v. Wingo, 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972).
To the extent that the defense motion to quash did not assert violation of defendant’s Sixth Amendment speedy trial rights, and in any event claimed no prejudice to his defense of the case arising out of the delay occasioned by the state’s dismissal and immediate reinstitution of the prosecution to force a second continuance of trial, the district court erred in granting the motion and dismissing the prosecution with prejudice. The ruling before the Court is therefore reversed and this case is remanded to the district court for other proceedings consistent with the views expressed herein.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
WEIMER, J., dissents with reasons.