MARION F. EDWARDS, Chief Judge.
pThe State of Louisiana, plaintiff/appellant, through the Jefferson Parish District Attorney, appeals a judgment of the Twenty-Fourth Judicial District Court that granted a motion to quash bills of information charging defendant/appellee, James D. Durham, with two counts of issuing worthless checks in violation of La. R.S. 14:71 and charging defendant/appellee, Donald H. Durham, with one count of issuing a worthless check in violation of La. R.S. 14:71.

PROCEDURAL HISTORY

On July 31, 2009, the State filed a bill of information charging Donald H. Durham with one count of issuing a worthless check on August 25, 2008 to the West Jefferson Levee District, a violation of La. R.S. 14:71, in the amount of $1,222 in case No. 09^4125. Also on July 31, 2009, another bill of information against James D. Durham was filed, likewise alleging a violation of La. R.S. 14:71 for writing a worthless check to the Levee District in the amount of $133,292 on July 20, 2008 in case No. 09-4124. The two matters were consolidated, and a motion to quash for lack of jurisdiction and/or venue was filed on behalf of both ^defendants. At the hearing on the motion, there was no testimony, and the State submitted no evidence. However, the defendants produced copies of three checks. Following argument, the motion was granted.
The State appealed the granting of the motion with this Court in case Nos. 10-KA-336 consolidated with 10-KA-337. Oral arguments in the original appeal occurred on November 10, 2010, before Judges Dufresne, Edwards, and Wicker. However, before the panel issued its decision, Judge Dufresne passed away, and the matter was scheduled for re-argument on January 10, 2011. On January 7, 2011, however, the State filed a motion to dismiss the consolidated appeals, and this Court dismissed the appeals on January 10, 2011.
Later that same month, on January 28, 2011, the State filed bills of information against the same defendants in district court case Nos. 11-0459 and 11-0460. In case No. 11-0459, James D. Durham was charged with two counts of issuing worthless checks, one for $130,895 and one for $2,397, to the Levee District on June 20, 2008, in violation of La. R.S. 14:71. In district court case No. 11-0460, Donald H. Durham was charged with one count of issuing a worthless check in the amount of $1,222 to the Levee District on August 25, 2008, in violation of La. R.S. 14:71.
Following pleas of not guilty, the defendants filed a motion to quash and a memorandum in support of the motion. The court granted defense counsel’s request to waive the defendants’ presence at this hearing. The defendants’ motion to quash was granted at the hearing on April 26, 2011. The State’s appeal follows.
The defendants argued that the court’s previous order quashing the cases was final and was “law of the case,” urging that the State was attempting to reincarnate the cases by re-filing virtually identical bills of information and was seeking to circumvent the rule of finality by relying on the district attorney’s Ldiscretionary powers under La.C.Cr.P. art. 61. The defendants also argued that La.C.Cr.P. art. 693 was inapplicable to this matter because the district attorney never entered a nolle prosequi inasmuch as the cases had already been quashed by the court. The defendants accused the State of flaunting its authority over the defendants and the court, alleging that the State had granted itself an appellate victory when the normal order of law would be that the district attorney could bring the defendants to trial after the court quashed the bills and the Court of Appeal reversed.
*1128 At the hearing on the motion to quash, the trial judge asked the State if the charge against Donald Durham was identical to the charge that had been previously quashed. The State agreed that it was. As for the charges against James Durham, the State explained that it had previously made a mistake as to the amount of the check in the original charge. It explained that one of the counts from the bill involved the same check, but a different amount than the check in the original charge. The State then explained that count two was a charge that was missed initially. Defense counsel argued that the amounts from the two counts in the new bill of information for James Durham totaled the amount alleged in the original bill of information. The State agreed that the total amount was the same, but it alleged that the original bill was incorrect because there were actually two worthless checks. The court then asked the State if there were any other factual distinctions between the new case against James Durham with the two counts and the original count. The State said there were none, and it agreed that the transaction was the same. The court asked if the geography was the same, and the State indicated that issue had not been raised.
The State disputed that the bills were identical, noting that there were two separate checks, instead of one check. The State also argued that it had the [^authority under the law to dismiss the appeal and re-file the bill of information, and that dismissal of the prosecution was not a bar to subsequent prosecutions, suggesting that the dismissal of an appeal amounted to the dismissal of prosecution. The State argued that dismissing an appeal and then re-filing a bill had the same effect as if the State had chosen not to appeal and instead re-filed the bill. The State claimed it had a legitimate reason for re-filing and did not do so to avoid time limitations.
After questioning the State about its authority to determine jurisdiction, the State said it would argue the issue if it were brought up in the “new case” but that, up until that point, it had not been raised. The trial judge granted the motion to quash by stating the following:
The State suggests that even though I may have decided an issue regarding jurisdiction of which I have jurisdiction over the issue of jurisdiction, based on a set of circumstances and facts, that even though I may have decided that that way and even though I may be confronted repeatedly with the same facts with no substantiative [sic] distinction, all right — ... that the State can continue to revolve the door to run the same charges through.
I disagree with that logic, your motion to quash is granted.
Thereafter, the State claimed that the same facts would not be presented if jurisdiction had been raised again in the motion to quash. It contended that it would present “new light” to the issue of jurisdiction that perhaps the court did not have before, and it said that this was the reason it had to re-file the bills of information.
On appeal, the State argues that the district attorney has the authority to dismiss a criminal prosecution and reinstitute the charges for the same offense based on the same facts, citing La. Const, art. V, § 26(B), La.C.Cr.P. art. 61, and La.C.Cr.P. art. 691. The State further argues that La.C.Cr.P. art. 538 does not prevent reinstitution of the charges. It contends that the fact the original [fiprosecution was dismissed during the appeal process of the original motion to quash is of no consequence. The State argues that the defendants do not allege that witnesses or evidence was lost or that the defense has been prejudiced.
The State explains that the instant bill of information clarified the amount of the *1129 check and charged a new count, suggesting that, even if this Court affirms the trial court’s ruling in granting the motion to quash, the case still requires remand for prosecution of the new and second count that was not a part of the original bill of information. The State concludes that there is no evidence that the district attorney flaunted his authority at the defendants’ expense. Further, the State contends that the defendants have not shown, nor do they assert, a violation of their speedy trial rights. Finally, the State argues that the principle of “law of the case” is inapplicable.
The granting of a defendant’s motion to quash the bill of information is a discretionary ruling by the trial court, and absent abuse, the ruling should not be disturbed by the appellate court.[1]
On review, after comparing the instant bills of information with the originally filed bills of information, it is clear that the new bill of information for Donald H. Durham is identical to the original bill of information filed and previously quashed. As to the bills of information charging James D. Durham, the bills of information are not identical on their face. The new bill of information stated two counts of issuing worthless checks, but the total amount for the two checks described in the new bill of information for James Durham equals the amount described in the original bill of information. The State admitted at the hearing that the new bills of information were based on the same transaction and arose from the same set of facts as the charges in the original bills of information. |7Although the State suggested that, after the trial court’s ruling on the instant motion to quash, a “new light” could have been shown as to the jurisdiction issue had it been raised, the State failed to proffer any evidence or argument as to how jurisdiction was different for the new bills of information based on the same set of facts as the originals.
The'Louisiana Supreme Court has previously reinstated the grant of a motion to quash after concluding that the district court’s judgment became final “when the state failed to take a timely appeal from the disputed ruling.”[2] Voluntary dismissal of the State’s appeal produces the same effect in the present case. When the State dismissed its first appeal, the trial court’s determination that it had no jurisdiction became final.
Under La.C.Cr.P. art. 532(8), a motion to quash may be granted when the court has no jurisdiction of the offense charged. The Official Comments of La.C.Cr.P. art. 538 note that grounds that call for a complete discharge are also enumerated in Art. 532(1), (6), (7), and (8). When the jurisdiction determination became final upon dismissal of the appeal, the defendants were discharged from those same counts in that same jurisdiction. The State, therefore, had no authority to “dismiss” these already discharged bills. La. C.Cr.P. art. 691 is clearly inapplicable.
The State cannot, by merely restating the facts of the first bill, create jurisdiction in the Twenty-Fourth Judicial District Court when, by its own admission, there were no factual distinctions between the two sets of events. It has been held that, when a prosecutor dismisses a pending prosecution in the face of a trial court’s denial of a continuance to the state, and then re-files the same charge | Rto continue the prosecution after a brief pause, he can be said to have “flaunted” the state’s *1130 unique power and authority that the defense does not also possess.[3]
[B]ecause of the severe consequences of dismissing a pending prosecution that is neither time-barred as a matter of La. C.Cr.P. art. 578, nor precluded by the Speedy Trial Clause of the Sixth Amendment, we made clear in Love that the state must exercise that authority in such a way that it does not simply disrupt the trial court’s conduct of the proceedings or challenge the court’s authority to manage its docket, but also significantly disadvantages the defense at any forthcoming trial.[4]
We find that the State’s attempt to force the defendants to defend themselves in a court that has previously found there was no jurisdiction based on the same set of circumstances creates such a situation. The State did not present any evidence that the new charges were not subject to the same jurisdictional determination as previously decided.
For the foregoing reasons, the judgment granting the motion to quash is affirmed.

AFFIRMED

. State v. Payton, 06-1202, pp. 3-4 (La.App. 4 Cir. 2/28/07), 954 So.2d 193, 195 (citing State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1208).

. State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.

. See, State v. King, 10-2638, pp. 5-6 (La.5/6/11), 60 So.3d 615, 618 (per curiam).

. Id. at 619.