JOY COSSICH LOBRANO, Judge.
| ,The State of Louisiana appeals from a trial court ruling quashing a bill of information that reinstituted a previously dis *597 missed charge against the defendant, Mat-sukata J. Keeling. For the reasons that follow, we reverse the trial court ruling and remand the case for further proceedings.
On June 14, 2010, Keeling was charged by bill of information with one count of distribution of heroin, a violation of La. R.S. dOiOOOfAlCl).[1] The defendant pleaded not guilty at the arraignment and the trial court scheduled a preliminary hearing and a hearing on motions to suppress evidence and statements for July 15, 2010. On July 15th, the trial court granted a joint motion for a continuance and rescheduled the motions hearing for August 13, 2010. Following the August 13, 2010 hearing, the trial court found probable cause, denied the motions to suppress the evidence and statements, and scheduled a trial on the merits for October 18, 2010. On October 18, 2010, the trial court granted a joint motion to continue the trial to November 22, 2010. On November 22, 2010, with 12the defendant and his attorney present in court ready for trial, the State requested a continuance.[2] The trial court denied the continuance and the State immediately responded by dismissing the bill of information.
Later that same day, the State filed a new bill of information, reinstituting the heroin distribution charge against Keeling. At his arraignment on December 16, 2010, Keeling pleaded not guilty and the trial court scheduled the matter for a trial on February 17, 2011.
On January 19, 2011, Keeling filed a motion to quash the reinstituted bill of information, asserting that the State’s dismissal and reinstitution of the charge against him violated his right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 2 of the Louisiana Constitution, because it allowed the State a continuance otherwise not available to the defense. He also argued that the State violated the separation of powers doctrine under Article II, § 2 of the Louisiana Constitution because it usurped the trial court’s authority to grant or deny a continuance by effectively granting itself a previously denied continuance. Following a brief hearing on February 3, 2011, the trial court quashed the bill of information without explanation. The State timely appealed.
On appeal, that State argues that the trial court abused its discretion in granting Keeling’s motion to quash because the defendant neither alleged nor demonstrated a violation of his right to a speedy trial under the Sixth Amendment |sof the U.S. Constitution and Article I, § 16 of the Louisiana Constitution. The State points out that when it dismissed the original bill of information and filed the new bill the statutory time limits for prosecuting the felony offense at issue had not expired. The State also argues that Keeling has not demonstrated how the delay as a result of the dismissal and reinstitution of the charge prejudiced or will prejudice his defense or right to a fair trial.
The granting of a defendant’s motion to quash the bill of information is a discretionary ruling by the trial court, and absent abuse, the ruling should not be *598 disturbed by the appellate court. See State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1204.
Louisiana Code of Criminal Procedure art. 691 confers on the district attorney the power to dismiss a formal charge, in whole or in part, and provides that leave of court is not needed. La.C.Cr.P. art. 693 provides, subject to narrowly delineated exceptions, that dismissal of a prosecution “is not a bar to a subsequent prosecution.... ” La.C.Cr.P. art. 576, regarding the filing of new charges upon dismissal of prosecution, provides:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal |4was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.
And, La.C.Cr.P. art. 578(A)(2) requires that trial of a non-capital felony be commenced within two years from the date of institution of the prosecution.
In this case, the record indicates that the felony offense occurred on May 28, 2010. Pursuant to La.C.Cr.P. art. 572(A)(1)[3], the State had six years from that date to institute prosecution. The State timely instituted prosecution by filing the original bill of information on June 14, 2010. Thus, the State had until June 14, 2012, to commence the trial. See La. C.Cr.P. art. 578(A)(2). When the State dismissed and reinstituted the charge on November 22, 2010, within six months of the institution of prosecution, the State had approximately one year and six months to bring the matter to trial. Furthermore, when the trial court granted Keeling’s motion to quash the new bill of information on February 3, 2011, the State was still within the same two-year time period to commence the trial. Thus, the State’s dismissal of the prosecution was not for the purpose of avoiding the article 578 time limitation for commencement of trial.
Nonetheless, in State v. Love, supra, the Supreme Court recognized that the trial court has the inherent discretion to grant a motion to quash and to order a | sprosecution dismissed with prejudice after the State has entered a nolle prosequi to force a continuance, even under circumstances in which prescription had not tolled or would not toll shortly thereafter under La. C.Cr.P. art. 578, or in which there was no violation of a defendant’s Sixth Amendment right to a speedy trial. The Court expressly stated:
“[i]n situations where it is evident that the district attorney is flaunting his authority for reasons that show that he *599 wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.”
Id., 00-3347 at 14, 847 So.2d 1198,1209.
In State v. Batiste, 2005-1571 (La.10/17/06), 939 So.2d 1245, the Supreme Court held that “[a trial] court’s resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a cases-by-case basis.” Id., 2005-1571 at 5, 939 So.2d at 1249 (citation omitted). In that case, the State entered a nolle prosequi dismissing a video voyeurism charge, because the victim failed to appear at trial and was hesitant to go forward with the case. Id., 2005-1571 at 6, 939 So.2d at 1249. The State reinstitut-ed the charge in a new bill of information. The Court held that the trial court abused its discretion by quashing the new bill and concluded the State did not flaunt its authority at the defendant’s expense when it dismissed and reinstituted the charge, because the State had a legitimate reason for entering the nolle prosequi and had not violated the defendant’s statutory rights or constitutional right to a speedy trial. Id., 2005-1571 at 8, 939 So.2d at 1251.
| fiThe Supreme Court, in State v. King, 2010-2638 (La.5/6/11), 60 So.3d 615, noted the “frequent collisions between a trial court’s inherent authority to conduct criminal proceedings ‘in an orderly and expeditious manner,’ ” La.C.Cr.P. art. 17, and the district attorney’s plenary authority to determine ‘“whom, when, and how he shall prosecute.’ ” La.C.Cr.P. art. 61. Id., 2010-2638 at 5, 60 So.3d at 618 (citations omitted). The Court acknowledged that when the prosecutor dismisses a charge, because the trial court has denied its request for a continuance, and then refiles the same charge to continue the prosecution, “he can be said to have ‘flaunted’ the [S]tate’s unique power and authority that the defense does not also possess.” Id., 2010-2638 at 6, 60 So.3d at 618, (quoting State v. Stephens, 00-2472, p. 1. n. 1 (La.3/16/01), 782 So.2d 562, 566 (Lemmon, J., dissenting)). However, the Court explained that:
because of the severe consequences of dismissing a pending prosecution that is neither time-barred as a matter of La. C.Cr.P. art. 578, nor precluded by the Speedy Trial Clause of the Sixth Amendment, we made clear in Love that the state must exercise that authority in such a way that it does not simply disrupt the trial court’s conduct of the proceedings or challenge the court’s authority to manage its docket, but also significantly disadvantages the defense at any forthcoming trial.
Id., 2010-2638 at 6, 60 So.3d at 619. (Emphasis added).
In King, the defendant was charged with issuing worthless checks. The district attorney dismissed the original bill of information after the trial court refused to grant the State a continuance because it was having trouble procuring financial records from a bank. After the State reinsti-tuted the charges, the defendant filed a motion to quash, arguing a violation of the separation of powers doctrine. The trial court granted the motion, and the First Circuit affirmed on |7appeal.[4] Upon review, the Supreme Court found that to the extent that the defendant’s motion to *600 quash failed to assert a violation of his Sixth Amendment right to a speedy trial, and claimed no prejudice to his defense as a result of the delay occasioned by the State’s dismissal and immediate reinstitution of the prosecution to obtain a continuance, the trial court erred by quashing the new bill and dismissing the case with prejudice. Id., 2010-2638 at 8, 60 So.3d at 620.
In the instant case, Keeling has neither alleged nor demonstrated a violation of his Sixth Amendment right to a speedy trial. Likewise, he neither alleged nor demonstrated any significant disadvantage to his defense at a future trial as a result of the delay occasioned by the dismissal and reinstitution of the prosecution. Based on those circumstances, we find the trial court abused its discretion and erred in granting Keeling’s motion to quash the new bill of information.
Accordingly, we reverse the trial court ruling that granted Keeling’s motion to quash and remand the case for further proceedings.
REVERSE AND REMAND

. In the same bill of information, the State also charged co-defendant, Dionne Johnson, with possession of heroin, a violation of La. R.S. 40:966(C)(1). The trial court, on Keeling’s motion, granted a severance of the trial proceedings. On November 22, 2010, Johnson pleaded guilty as charged, waived the sentencing delay, and was sentenced. The case against Johnson is not at issue in this appeal.

. The record does not indicate the reason the State requested a continuance.

. La.C.Cr.P. art. 572 A(l) provides:
Limitation of prosecution of noncapital offenses
A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor.

. State v. King, 2010-0074 (La.App. 1 Cir. 10/29/10), 48 So.3d 1288 (Kuhn, J„ dissenting).