STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 1391

STATE OF LOUISIANA

VERSUS

WALTER JOHNSON

Judgment Rendered: **MAY 1 1 2020**

\*\*\*\*\*\*\*\*

Appealed from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Suit No. 39,629

The Honorable Jessie M. LeBlanc, Judge Presiding

\*\*\*\*\*\*\*\*

Ricky L. Babin                                   Counsel for Appellant
District Attorney                                State of Louisiana
Donaldsonville, LA

Donald D. Candell                                State of Louisiana
Lindsey D. Manda
Assistant District Attorneys
Gonzales, LA

Tiffany Myles Crosby                             Counsel for Defendant/Appellee
Plaquemine, LA                                   Walter Johnson
Katherine M. Franks
Madisonville, LA

\*\*\*

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

Higginbotham, J. Concurs in the result.

## LANIER, J.

Defendant, Walter Johnson, was charged by bill of information with four counts of armed robbery, violations of La. R.S. 14:64, and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He pled not guilty. Defendant filed a motion to quash the bill of information on the basis of a violation of his right to a speedy trial. Following a hearing, the trial court issued a written ruling and granted defendant's motion. The State appealed the ruling.[1] For the following reasons, we reverse the trial court's ruling granting defendant's motion to quash and remand the case for further proceedings consistent with this opinion.

## STATEMENT OF FACTS

Defendant is alleged to have participated in an armed robbery in Ascension Parish on July 14, 2015. According to the State, defendant, Jay Lyons, Jaquendas Octave, and a juvenile went to Roussel's Antiques on Airline Highway in Gonzales, Louisiana. The four entered the business, and defendant and Lyons ordered an employee to open the safe at gunpoint. The State claimed the four took jewelry, cell phones, wallets, cash, and credit cards. The group left the store and sped away in a vehicle. Some jewelry was sold, and Lyons, Octave, and defendant shared the proceeds.

---

[1] Following the lodging of the record in this appeal, defendant filed a motion to strike an envelope that included the record from the initial prosecution of defendant, which the State had dismissed and re-instituted herein. Defendant argued that the prior record had not formally been made a part of the instant record. This court denied the motion to strike, noting that a trial court is permitted to take judicial notice of its own proceedings. **State v. Johnson**, 2019-1391 (La. App. 1st Cir. 12/20/19) (unpublished).

Defendant again has filed a motion to strike the State's exhibits, this time referencing a transcript of proceedings from the initial prosecution that was somehow not included in the instant record. Defendant argues that the State's filing is out of compliance with this court's rules by "basing the facts and arguments on a transcript and other information outside the record[.]" (Defendant's motion, p. 3) Again noting that a trial court may take judicial notice of its own proceedings, we deny defendant's motion to strike. Likewise, we deny the State's "request for mandamus and stay of the proceedings," which requests that the instant record be supplemented with the exhibit of the original record, for the same reasons.

Following defendant's arrest, the State filed a bill of information on September 30, 2015, charging defendant, Lyons, Octave, and the juvenile with four counts of armed robbery and additionally charging defendant with one count of being a convicted felon in possession of a firearm. The State filed an amended bill of information on April 18, 2016, which removed the juvenile co-defendant from defendant's charges. On October 15, 2018, the day of trial, the State nolle prosequied the charges against defendant, then filed a new bill of information the same day, against defendant only, again charging him with four counts of armed robbery and one count of being a convicted felon in possession of a firearm.

The trial court scheduled defendant's jury trial under the new bill of information to commence on September 16, 2019. Defendant filed a motion to quash the new bill on July 8, 2019, arguing that the State dismissed the original bill and filed a new one for the purpose of avoiding the time limitations provided by La. Code Crim. P. art. 578, which is prohibited by La. Code Crim. P. art. 576. Defendant also argued the State's action was an instance of the district attorney flaunting his authority to favor the State at the expense of defendant. Following a hearing on the motion to quash, the trial court took the matter under advisement and subsequently issued a written ruling on the motion. In its ruling, the trial court rejected defendant's argument that the State's dismissal of the original bill of information was due to a timeliness problem under La. Code of Crim. P. arts. 576-78. Nevertheless, the court granted the motion to quash upon finding the State's dismissal and re-filing of the bill of information was a "flaunting of authority in order to grant [itself] a continuance at the expense of the defendant[.]"

## MOTION TO QUASH

In its sole assignment of error, the State argues that the trial court abused its discretion in granting defendant's motion to quash the bill of information. The

3

State contends defendant failed to properly assert his right to a speedy trial, and by filing a motion to continue on October 12, 2018, he mooted his claim. The State also notes defendant did not present any evidence of prejudice that the trial court erred when it did not conduct a full contradictory hearing to fully address defendant's allegations, and that the trial delays were "largely caused" by defendant's own actions. Furthermore, the State denies flaunting its authority in dismissing and refiling the charges, and argues that defendant failed to demonstrate sufficient deprivation of his rights to support the motion to quash. Defendant argues in response that the trial delays were due to the State failing to secure defendant's presence in the courtroom, and the dismissal and refiling of charges the same day constituted a "flaunting of its authority at the expense of the defendant[.]"

As an initial matter, because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decisions, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. **State v. Love**, 2000-3347 (La. 5/23/03), 847 So.2d 1198, 1206. However, a trial court's legal findings are subject to a de novo standard of review. See **State v. Smith**, 99-0606 (La. 7/6/00), 766 So.2d 501, 504. Barring extraordinary circumstances, courts should be reluctant to rule that a defendant has been denied a speedy trial. **State v. Moore**, 2008-1323 (La. App. 1st Cir. 12/23/08), 2008 WL 5377809, at *3.

Louisiana Code of Criminal Procedure article 578(A)(2) provides that no trial in a non-capital felony case shall be commenced after two years from the date of the institution of the prosecution. The time limitations to commence trial may be suspended. Louisiana Code of Criminal Procedure article 580 provides that when a defendant files a motion to quash or other preliminary plea, the time limits

4

set forth in Article 578 are suspended until the ruling of the court; but in no case shall the State have less than one year after the ruling to commence the trial. A preliminary plea is any pleading or motion filed by the defense, including properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars, which has the effect of delaying the trial. **State v. Brooks**, 2002-0792 (La. 2/14/03), 838 So.2d 778, 782 (per curiam); see also, **State v. Fish**, 2005-1929 (La. 4/17/06), 926 So.2d 493, 495 (per curiam) (pretrial status conference where both prosecutor and defense counsel agreed to trial date beyond two-year prescriptive period constituted grounds to suspend running of prescriptive period for one year from date of hearing). Further, a preliminary plea is one filed after prosecution is instituted and before the trial that causes the trial to be delayed. **State v. Brooks**, 2002-0792 (La. 2/14/03), 838 So.2d 778, 782. Finally, the provisions of La. Code Crim. P. art. 582 must be read and applied together with La. Code Crim. P. arts. 578, 580, 581, and 583. **State v. Falkins**, 395 So.2d 740, 741 (La. 1981).

As an initial matter, the trial court was ultimately correct in finding no improper delay in the institution of trial under La. Code Crim. P. art. 578. As it observed, subsequent to the State's dismissal of a case, La. Code Crim. P. art. 576 provides a longer time limitation for the institution of prosecution than is provided for the institution of trial under La. Code Crim. P. art. 578. (R. 85); compare La. Code Crim. P. art. 572 with La. Code Crim. P. art. 578. As acknowledged by defendant in his motion to quash, he filed several motions that effectively suspended and extended the time period for commencement of trial, including an October 15, 2018 motion to continue, which according to defendant, was ruled on by the trial court on October 15, 2018. Defendant's filing of that motion had the effect of extending the time period to commence trial to October 12, 2019. See La.

Code Crim. P. art. 580(A). Additionally, the subject motion to quash, filed by defendant on July 8, 2019, likewise would have effectively extended the time period to commence trial by a year from the ruling thereon had the trial court not granted the motion.

The charged offenses allegedly occurred on July 14, 2015, and the "new" bill of information was filed the same day the old one was dismissed, on October 16, 2018. Therefore, the second bill of information was filed well within the six-year period for prosecuting the July 2015 offenses, as well as the time limit for bringing the case to trial, after considering the suspensive procedural events. See La. Code Crim. P. arts. 572 & 578(A)(2); see also, **State v. Joseph**, 2016-1541 (La. App. 1st Cir. 6/2/17), 223 So.3d 528, 531 (newly-filed bill of information in battery case was a superseding bill that restarted two-year period in which State could institute prosecution). Thus, the refiled bill of information is not time-barred or otherwise expressly prohibited by the Code of Criminal Procedure.

The district attorney's authority over criminal prosecutions in his district is well established. See La. Const. art. V, § 26(B); La. Code Crim. P. art. 61. He has complete charge and control of every criminal prosecution instituted or pending in his district and determines whom, when, and how he shall prosecute. La. Code Crim. P. art. 61. The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, without leave of court. See La. Code Crim. P. art. 691. The dismissal of a prosecution rests entirely within the discretion of the prosecuting attorney. **State v. Papizan**, 2017-0028 (La. App. 1st Cir. 11/2/17), 256 So.3d 1091, 1095, writ denied, 2017-2028 (La. 10/29/18), 255 So.3d 572. As previously observed, the right to reinstate a prosecution is subject to time limitations, and a new prosecution cannot circumvent the accused's right to a speedy trial. See U.S. Const. amend. VI; La. Const. art. I, § 16; La. Code Crim. P. arts. 572, 576, & 578. However, defendant's right to a speedy trial is more than

6

statutory. Though a prosecution can still be within the time limits established by the Code of Criminal Procedure, delays can still prejudice a defendant to the degree he is unable to obtain a fair trial. In granting defendant's motion to quash, the trial court ruled for defendant on the premise that the State's dismissing and refiling of the bill of information violated his constitutional right to due process. See U.S. Const. amends. V & XIV; La. Const. art. I, § 2.

A defendant's Sixth Amendment right to a speedy trial is a fundamental right imposed on the states by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. **Klopfer v. State of North Carolina**, 386 U.S. 213, 222-23, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967). See also La. Const. art. 1, § 16. The underlying purpose of this constitutional right is to protect a defendant's interest in preventing oppressive pretrial incarceration, minimizing anxiety and concern, and limiting the possibility that the defense will be impaired. **Barker v. Wingo**, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972). In **Barker**, the United States Supreme Court identified four factors to determine whether a particular defendant had been deprived of his Constitutional right to a speedy trial, namely: 1) the length of delay; 2) the reason for the delay; 3) defendant's assertion of his right; and 4) prejudice to defendant. **Id.**, 407 U.S. at 530, 92 S.Ct. at 2192. The Louisiana Supreme Court has explained:

> The first of the **Barker** factors, the length of the delay, is a threshold requirement for courts reviewing speedy trial claims. This factor serves as a "triggering mechanism." Unless the delay in a given case is "presumptively prejudicial," further inquiry into the other **Barker** factors is unnecessary. However, when a court finds that the delay was "presumptively prejudicial," the court must then consider the other three factors. [Citations omitted.]

**Love,** 847 So.2d at 1210; **State v. Carter,** 2018-0078 (La. App. 1st Cir. 12/17/18), 2018 WL 6616902, at *3, writs denied, 2019-0246, 2019-0015 (La. 4/22/19), 268 So.3d 299, 303 cert. denied, ___ U.S. ___, 140 S.Ct. 446, 205 L.Ed.2d 259 (2019).

Under the rules established in **Barker**, none of the factors are regarded "as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." **Barker**, 407 U.S. at 533, 92 S.Ct. at 2193. Instead, they are related factors that must be considered together with other relevant factors "in a difficult and sensitive balancing process." **Id.**

With regard to the first factor, the delay between the institution of prosecution and the filing of the motion to quash was four days short of four years. Therefore, the length of delay is arguably presumptively prejudicial. See **Love**, 847 So.2d at 1211 (noting the observation that time periods shorter than the 22 months at issue in that case had been found presumptively prejudicial, hence the court agreed that the subject 22-month delay was presumptively prejudicial).

Thus, conceding that the delay in the instant case was in fact presumptively prejudicial triggers our consideration of the remaining **Barker** factors. See **Barker**, 407 U.S. at 530; **Love**, 847 So.2d at 1210. The second **Barker** factor, "[t]he flag all litigants seek to capture[,]" **United States v. Loud Hawk**, 474 U.S. 302, 315, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986), examines the reasons for delay. Both the State and defendant sought multiple continuances, some jointly filed, and defendant filed multiple pretrial motions, including at least one pro se motion to quash. Defendant was without counsel for seven months, and was also not brought to court on several occasions. The trial court delayed trial by nine months when in January 2018, it set a trial date in October 2018. The court further delayed trial for another five months when in April 2019 it set the case for trial in September 2019. As a consequence, when looking at the delays *in toto*, the State is not singularly responsible for the postponements in bringing defendant to trial, nor is defendant.

As to the third **Barker** factor, the assertion of his speedy trial right, the **Barker** balancing test allows a court to weigh the frequency and force of the

8

objections as opposed to attaching significant weight to a purely pro forma objection. **Barker**, 407 U.S. at 529, 92 S.Ct. at 2191. The "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." **Barker**, 407 U.S. at 532, 92 S.Ct. at 2193. Defense counsel first invoked defendant's right to a speedy trial in the July 8, 2019 motion to quash, filed nearly four years after the date of the offense, and 10 months after the State filed the new bill of information. However, prior to that, defendant filed a pro se motion to quash on September 14, 2018, which was denied by the trial court. Additionally, defendant filed two separate pro se writs of habeas corpus on November 21, 2018 and on June 19, 2019, challenging his continued custody citing the speedy trial criminal code provisions. Therefore, relative to this factor, we do find defendant sufficiently asserted his speedy trial claim to merit consideration. See **Barker** 407 U.S. at 535-36, 92 S.Ct. at 2194-95; **Love**, 847 So.2d at 1212.

Finally, to prevail under the fourth prong of the **Barker** due process standard, it is not sufficient to show that the State dismissed a prosecution merely because it believed the dismissal was in the State's best interest. The record must establish the State dismissed the prosecution "for the purpose of" imposing a significant disadvantage on defendant, and, as a result, defendant's right to a fair trial was substantially prejudiced. **Papizan**, 256 So.3d at 1098. Because of the severe consequences of a court dismissing a prosecution that is neither time-barred nor precluded by the right to a speedy trial under the Sixth Amendment, the Louisiana Supreme Court has articulated that a motion to quash should be granted not only when the State exercises its authority such that it disrupts the trial court proceedings or challenges the court's authority to manage its docket, but also "significantly disadvantages the defense at any forthcoming trial." **State v. King**, 2010-2638 (La. 5/6/11), 60 So.3d 615, 619 (per curiam).

9

A court's resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. **Love**, 847 So.2d at 1209. To meet his burden, a defendant must prove the district attorney flaunted his authority "for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses[.]" **State v. Batiste**, 2005-1571 (La. 10/17/06), 939 So.2d 1245, 1249. A showing of "specific prejudice" to the defense is essential. See **King**, 60 So.3d at 619. Thus, where there is no showing the State is flaunting its authority at the expense of a defendant, but is instead entering a nolle proseqeui due to an absent witness, a defendant is not entitled to relief. See, e.g., **State v. Reimonenq**, 2019-0367 (La. 10/22/19), 286 So.3d 412 (prejudice shown where nolle prosequi filed in order to gain continuance and evade trial court's evidentiary ruling without having to seek appellate review); **King**, 60 So.3d at 618-19 (no prejudice found where State entered nolle prosequi when bank failed to comply with records subpoena and there was no record support for "an inference that the [S]tate delayed matters to wear down the defendant[.]"); **Batiste**, 939 So.2d at 1249-50 (legitimate reason for State to enter nolle prosequi where victim unsure about continuing forward with case, and "record reveals no intentional delay on the State's part for the purpose of gaining a tactical advantage."); **Love**, 847 So.2d at 1202 (nolle prosequi entered because State witness absent due to illness).[2]

Here, the State entered a nolle prosequi because a material fact witness could not appear for trial due to the witness having surgery. Defendant argues that he

---

[2] The Louisiana Supreme Court found the trial court was justified in denying the State's motion to continue based on its finding that the State had failed to sufficiently ascertain before trial that its witness would be available. **Love**, 847 So.2d at 1205. However, the court also found that the trial court properly denied the motion to quash the re-filed bill, finding that the nolle prosequi and re-filing was due to the absence of the witness and not to flaunt the authority of the trial court. **Love**, 847 So.2d at 1208-09.

has been deprived of four unnamed witnesses due to the delays commencing trial.[3] On appeal, the State contends defendant was not sufficiently specific in his assertion of prejudice. Defendant and the trial court are correct when they note the State did not controvert defendant's allegation he had lost witnesses in oral arguments made to the trial court. See **Love**, 847 So.2d at 1212-13 (wherein the State challenged defendant's claim of witness unavailability).

In granting defendant's motion to quash, the trial court observed that after granting numerous continuances at the request of both defendant and the State, the court was clear it was not inclined to grant any more. The trial court was also understandably frustrated the State only learned a key witness would not be available to testify two business days before trial was set to commence. After the trial court denied the State's motion to continue, the State dismissed the case, only to refile it again that same afternoon. The trial court recognized the State had the authority under the Code of Criminal Procedure to do just that, but also found defendant was prejudiced by the ongoing delay caused by the State "flaunting [its] authority" because it was clearly not prepared to go to trial that day.

However, from all that appears in the trial court's reasons for granting defendant's motion to quash, there is nothing indicating the State, by dismissing and refiling the case, was attempting to gain a tactical advantage over defendant, beyond assuring that all of its witnesses were present to testify. The failure of the State to subpoena all of the witnesses and assure their proper scheduling does not rise to the level required to show prejudice under the fourth **Barker** factor. See **State v. Dyer**, 2006-0619 (La. 7/11/06), 933 So.2d 788, 792, cert. denied, 549 U.S. 1122, 127 S.Ct. 945, 166 L.Ed.2d 722 (2007) (where despite defendants' claim that they had lost two important witnesses, one of whom they claimed had died, the

___

[3] While the court found defendant claimed to have lost four witnesses, we observe that in his motion to quash, defendant's assertion was that over the course of four years he lost witnesses.

11

Court found defendants failed to show specific prejudice from the delay absent details as to why those witnesses were material). Moreover, in his motion and briefs below, defendant offered no argument of prejudice beyond the allegation that a number of unnamed witnesses were no longer available.

Relying on the record before us, we find the trial court abused its discretion in granting defendant's motion to quash. Relying on our consideration of the four **Barker** factors, we find no statutory or constitutional violation of defendant's right to speedy trial. For the above reasons, we find merit in the State's appeal. The trial court's ruling granting the motion to quash is hereby reversed, and this matter is remanded for further proceedings.

**TRIAL COURT'S RULING GRANTING DEFENDANT'S MOTION TO QUASH REVERSED; REMANDED FOR FURTHER PROCEEDINGS; DEFENDANT'S MOTION TO STRIKE DENIED; STATE'S REQUEST FOR MANDAMUS AND STAY OF THE PROCEEDINGS DENIED.**