STATE OF LOUISIANA          *          NO. 2020-KA-0403

VERSUS          *          COURT OF APPEAL

CALVIN M. WILLIAMS JR.          *          FOURTH CIRCUIT

                                       *          STATE OF LOUISIANA

                                       *

                                       *
                                * * * * * * *

*TFL*

**LOVE, J., DISSENTS AND ASSIGNS REASONS**

      I respectfully dissent from the majority's decision to reverse the trial court's granting of the motion to quash. I find a closer examination of the events leading to the trial court's decision to grant the motion to quash is required.

      The majority notes that on the day of trial, before the jury was sworn in, Mr. Williams filed a motion *in limine* to exclude video tape evidence, which the trial court granted. Mr. Williams filed a motion *in limine* to exclude a video that the State desired to play for jurors due to a lack of authentication. The State was not going to call as a witness Ms. Brittany White ("Ms. White"), the person who recorded the video. The trial court, after the jury was selected but not yet sworn, granted defendant's motion, thereby preventing the State from offering the video into evidence absent testimony from the person who recorded the video. At no point during the hearing, did the State indicate that Ms. White was unavailable to testify at trial. The State simply had not prepared to call Ms. White as a witness and therefore had not arranged for her to appear at trial.[1] The State then noticed its intent to seek supervisory review. However, when the trial court informed the State that it would not stay the trial while the State sought supervisory review, the

_____

[1] According to the hearing transcript, the State believed it could authenticate the video evidence through other witnesses, none of which were responsible for having recorded the video.

1

State entered a *nolle prosequi*, dismissing the charge against Mr. Williams. The next day, the State reinstituted prosecution against Mr. Williams.

After the State dismissed the charge against Mr. Williams, the trial court noted the following on the record:

> …[Y]ou've indicated that it is the State's prerogative to enter into a dismissal. I'll note that…there have been times when the state has lost certain rights as a result of using this particular procedural tactic in order to avoid a particular ruling of the trial court.
>
> There are some remedies, and some consequences for using this particular tactic, and obviously at this point given the state has entered into a dismissal of the case then all of these motions are rendered moot as well as this court's ruling.

Quashal is appropriate when the record suggests that the State "dismissed the charge and reinstituted prosecution to obtain a tactical advantage over the defendant." *State v. King*, 11-2638 (La. 5/6/11), 60 So.3d 615, 618. Moreover, granting of a motion to quash is appropriate when the State dismissed and reinstituted prosecution "for reasons that show [the prosecutor] wants to favor the State at the expense of the defendant." *State v. Love*, 00-3347 (La. 5/32/03), 847 So.2d 1198, 1209.

As noted above, the State in preparation for trial did not arrange to call Ms. White as a witness. Additionally, the State did not indicate at any point during the hearing and prior to dismissing the charge against Mr. Williams that Ms. White was unavailable. Only now in brief to this Court does the State suggest that Ms. White was unavailable. Moreover, the State expressly notes in its brief that the trial court's ruling precluded the introduction of a key piece of evidence and therefore "significantly altered the State's trial strategy."

The "trial judge's ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion." *State v. Tran*, 12-1219, p. 2 (La. App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3. "Because the complementary role of trial courts and appellate courts demands that deference be given to a trial

2

court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion." *Love*, 00-3347, p. 9-10, 847 So.3d at 1206.

The State did not represent to the trial court, as it suggests now, that Ms. White was unavailable. Rather, it is a more likely scenario that the State either did not believe Ms. White's authentication testimony was necessary for the video evidence to be admissible or the State simply overlooked the issue in preparation for trial. In any event, the State concedes to this Court that the ruling significantly altered its trial strategy. I find the State's dismissal and reinstitution of prosecution demonstrates a desire to evade the trial court's ruling. Therefore, I find the State's actions are a flaunting of its authority at Mr. Williams' expense. The trial court emphasized this point on the record, noting that the State has a history of employing this procedural tactic to avoid adverse rulings—a procedural tactic that the defendant does not have. For these reasons, I find the facts and circumstances of this case demands that we give deference to the trial court's discretionary decision to grant Mr. Williams' motion to quash the bill of information. Accordingly, I would affirm the trial court's ruling.